JOHN C. MILLER, Plaintiff in Error, v. EBERHARD ANHEUSER, Defendant in Error.

### May 16, 1876.

1. Where the city charter provides that the council shall construct sewers where they deem it necessary, the passage of an ordinance to construct a sewer is conclusive as to the necessity for the sewer.

2. The fact that a portion of the sewer connecting it with the main sewer runs through property of defendant not condemned for sewer purposes is no bar to a recovery on the special tax bill against defendant for the portion of the sewer built on that part of his premises which had been regularly condemned.

ERROR to St. Louis Circuit Court.
*Reversed and remanded.*

*Jecko & Hospes*, for plaintiff in error, cited: New York & Harlem R. R. Co. *v.* Mayor of New York, 1 Hilt. 562; Mutham *v.* Sharp, 15 Barb. 193; Fay *et al. v.* Mayor of Boston, 15 Pick. 243; Young *v.* City of St. Louis, 47 Mo. 492; McCormick *v.* Patchin, 53 Mo. 33; Giboney *v.* City of Cape Girardeau, 58 Mo. 141.

*Slayback & Haeussler*, for defendant in error.

BAKEWELL, J., delivered the opinion of the court.

This is an action to subject certain property in the city of St. Louis to the lien of special tax bills, issued by the city of St. Louis, for the construction of a sewer, under authority of ordinances 8002 and 8060.

There are three counts in the petition, upon as many tax bills.

The answer admits that defendant owns and is in possession of the property sought to be charged, and denies all other material allegations of the petition, and then sets up as affirmative matter of defense that, by the charter of the city, of March 4, 1870, it is provided (art. 8, sec. 12) that the City Council shall cause sewers to be constructed in any district wherever a majority of the property-holders resident therein shall petition therefor; that in May and June, 1872, among other property-holders who resided within the alleged Arsenal Sewer District No. 5, were James Ruane, the defendant, C. Stone, and B. Heil; that in May, 1872, the ordinance set up in the petition as that under which said sewer was constructed was introduced into the City Council, on petition of said Ruane, one S. B. Kellogg, and one David Nicholson, and no others, of whom two never resided in the said sewer district; that said ordinance was passed in June; that a majority of property-holders resident in said contemplated sewer district never signed and consented to said petition, and that, therefore, said ordinance is void; that said sewer was not necessary for sanitary or other purposes, and, as constructed, is of no use to defendant, his property, or other residents in said sewer district, of all

which plaintiff had notice ; that said sewer, as constructed, is not upon a public highway, as required by law, but on the private property of defendant. The same answer is made to each several count.

The reply denies the new matter in the answer. On the trial it was admitted that the tax bills filed with the petition were genuine, and duly signed by the city engineer, comptroller, and special tax clerk, and that defendant, when the work was done, and since, was and is the owner in fee of one undivided half of the property described in the bills. The bills were offered in evidence, and plaintiff rested.

Defendant then offered evidence tending to prove all the affirmative matter set up in his answer, and that the sewer was of no benefit to defendant or his property, and that plaintiff had knowledge of all these facts. Plaintiff objected to all this evidence as incompetent, irrelevant, and immaterial. The objection was overruled, and plaintiff excepted. It was then agreed that the facts so offered in evidence should be considered as proved.

Plaintiff then admitted that thirty-one and eighty-three one-hundredths lineal feet of said sewer is on private property of defendant, and that the sewer would be useless without that part, and that said property has never been condemned, nor has compensation been offered for it ; and that this part of the sewer is described in two of the bills sued on, numbered 4,109 and 4,117, and described in second and third counts of the petition, and is a connecting part, lying between Arsenal street and the parts of the sewer charged for in the first count. The public sewer is on Arsenal street, and the district sewer charged for in this suit is in the alley running south from Crittenden towards Arsenal street. It was admitted that the private property in question, through which this sewer was run to reach the public sewer on Arsenal street, lies between the end of the alley and Arsenal street. It was also admitted that the city engineer, unless authorized by the city charter and

ordinances 8,002 and 8,060, had no authority to cause said sewer to be constructed, or to make the contract with plaintiff set out in the petition. The two ordinances were then put in by consent, and it was admitted by defendant that the portions of the costs, as assessed against the several lots of ground, were the just proportion of the whole costs chargeable, if the ordinances and contract are valid.

Defendant then rested.

The court gave the following instructions, at the instance of plaintiff:

" The fact that a part of the sewer is built through or on the private property of the defendant, and that the whole sewer would be of no use without the part so on private property, is no defense to the first count of the petition, it appearing from the facts of the case that the tax bill sued on in first count of the petition does not include the cost of any part of the sewer so on private property.

" The fact that a part of the sewer is built through or on the private property of the defendant, and that the whole sewer would be of no use without the part so on private property, is no defense to the second count of the petition."

The court also instructed that the same fact is no defense to the third count.

The court refused the following instructions, asked by plaintiff:

" The evidence offered by defendant to prove upon whose petition the ordinances mentioned were passed, and what and how the City Council was induced to pass them, and that said sewer so provided for in the ordinances was not necessary in fact, and that defendant's property was not benefited by such sewer, and the plaintiff's knowledge of these facts, is immaterial and incompetent, and will not be considered in finding a verdict; and the facts so offered to be proven would, if proven, be no defense to either count of plaintiff's petition."

Thereupon the plaintiff took a nonsuit; and, the court refusing to set the same aside, all exceptions having been duly saved, the plaintiff brings the cause here by writ of error.

Section 12, of article 3, of the Revised Charter of the City of St. Louis, approved in 1870, provides " that the City Council shall cause sewers to be constructed in any district, whenever a majority of the property-holders resident therein shall petition therefor; or whenever the City Council may deem it necessary for sanitary or other purposes."

It is admitted that a majority of the property-holders did not petition for the sewer; that it was not necessary for sanitary or other purposes, and that it was of no benefit to defendant, the other property-holders resident within the district, or to his or their property.

The question is not whether the sewer is necessary for sanitary purposes in the opinion of the parties to this suit, the witnesses, the counsel, or the court, but whether it was necessary in the opinion of the City Council. The ordinance directing the construction of the sewer settles that question. The fact that the Council passed the ordinance was sufficient to show that the exigency had arisen. It was not essential that they should so declare in express words. *Young* v. *City*, 47 Mo. 493. The question of the necessity of the sewer for sanitary or other purposes rests wholly with the Council, and is not under the supervision or control of the courts. *McCormack* v. *Patchin*, 53 Mo. 35. The courts are bound to assume that, where a discretion is vested in a municipal body exercising functions of a legislative character, good reasons existed for the adoption of the regulation. *Harlem R. R. Co.* v. *Mayor of New York*, 1 Hilt. 588.

In short, it is the duty of the Legislature to see that no power is given to municipal corporations which may be

abused. The judiciary have no revision of legislative discretion on this subject, and have no responsibility whatever for its exercise. *Giboney* v. *Cape Girardeau*, 58 Mo. 143.

It is said that, inasmuch as the portion of the sewer, thirty-five feet in length, connecting it with the main sewer of the city, was illegally made over private property, and as the remaining portion of the sewer is useless without the outlet, it is manifest that that portion of the sewer for which alone plaintiff can recover cannot be used for sanitary purposes, or any purposes whatever.

But this is not so. For any portion of the sewer constructed on private property, not condemned for the purpose according to law, the owner of the tax bill cannot recover. When the sewer ran through the private land of defendant, the city manifestly had no right to proceed until the same was condemned, or the consent or relinquishment of the owner obtained. *City, to use of Lancaster*, v. *Armstrong*, 56 Mo. 300. But the thing is done. The sewer is made. The outlet is constructed, and the connection with the main sewer established. Plaintiff may never be paid for this work—that is his affair—but he cannot undo it. The sewer is not blocked up ; the city has allowed the connection with the outlet to be established ; the end of the sewer runs through the land of defendant, and no one can tear it up without committing a trespass on his land.

The instruction set out above, as asked by plaintiff and refused, should have been given, and the evidence referred to in that instruction was incompetent, and should have been excluded. The judgment of the Circuit Court is reversed and the cause remanded. The other judges concur.