M. C. Baker et al., Appellants, v. John J. Squire et al., Respondents.

77 329
a143s 92

St. Louis Court of Appeals, March 26, 1895.*

1. County Court : STATUTORY DEDICATION OF LAND. In order to have made a statutory dedication of the ground in question it was necessary that the county court should have adopted the mode provided by section 7309, Revised Statutes 1889.

2. Common Law Dedication of Ground. A common law dedication of ground can only be made out by convincing evidence of the intention of the donor to appropriate the land to public use and further proof of an acceptance of such appropriation by the public.

3. ——: ——: ESTOPPEL IN PAIS. In the case at bar, there was nothing in the conduct of the county with reference to the land in question inconsistent with the intention to retain control over its use.

*Note.—This opinion not having been published in its regular order owing to the pendency of proceedings for its review by the supreme court and that court having adopted it in toto in 143 Mo., page 92, it is therefore published here out of its regular order.

*Appeal from the Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

BOND, J.—This action is by the owner and tenants
of a lot and building to enjoin the tenants of a con-
tiguous building from adding a bay window to the
same on four feet of ground in front of said building.
The equities alleged are that the said four feet of
ground whereon the bay window is about to be erected
were dedicated to the public as a part of the pavement
of the public square of Springfield, Missouri, by the
county court when the building itself was constructed,
and that the present use of said four feet of ground
attempted by defendants is a public nuisance inflicting
special injuries on the property rights of the plaintiffs.
The defense is non-dedication and ownership of the
four feet of ground in question by the landlords of
defendants under *mesne* conveyances running back to
a grant from the county court. On the trial plaintiff's
petition was dismissed and damages assessed at $150,
from which decree this appeal is taken.

It appears from the evidence that in 1885 the county
court of Greene county owned the lot whereon the
building occupied by defendants is situated and erected
said building at the same time that plaintiff was erect-
ing one on her adjacent lot; that upon the request of
plaintiff the county court set its building back four
feet from the front boundary of its lot and plaintiff
placed hers back ten feet from her front line, thus
making an arcade entrance to the public square of the
town twenty-two feet wide connecting the square with
Olive street and with an opening on the square in a
diagonal line about thirty-two feet wide; that the por-
tion of the lot thus left in front of the county building

was paved as other parts of the sidewalk; that there was a party wall between the two buildings, the cost of which was divided between the plaintiff and the county; that there was no record of the agreement as to location of its building made by the county court with plaintiffs, nor was the same evidenced by any writing, but rested solely in the parol declaration of the majority of the county court and the further fact that it was acted out by the county court in placing its building four feet from the front of the lot whereon it was situated. The evidence was conflicting as to the effect of the proposed addition of the bay window to the house of defendants on the property rights of plaintiffs, but it fairly appeared that such addition was injurious to the value and use of plaintiffs' building.

It is claimed by appellants under the foregoing facts that they are entitled to an injunction on the grounds alleged in their petition. There are two methods of dedication; one statutory, the other as it existed at common law. The present case does not make out a statutory dedication. Such a dedication is not accomplished, as claimed by the learned counsel for appellants, by reason of the fact that the county court left bare four feet on the front of its lot when it erected the building in question for county purposes under the power given by the statute. R. S. 1889, sec. 3123. Such act simply imported that the county court thereby used so much of the lot as was covered by the building for that purpose. It did not evince an intention to renounce future ownership or control of the portion left unused. To have effected such a purpose it was indispensable that the county court should have adopted the mode prescribed by law. R. S. 1889, sec. 7309; Reid v. Board of Education, 73 Mo. loc. cit. 304.

It is next urged by appellants that the record shows a dedication by acts *in pais*, such as is recognized at common law. The rule on this subject is that a common law dedication can only be made out by convincing evidence of the intention of the donor to appropriate the land to public use and further proof of an acceptance of such appropriation by the public. Vossen v. Dautel, 116 Mo. 379; Heitz v. St. Louis, 110 Mo. 618; Baker v. Vandenburg, 99 Mo. 393; Brink v. Collier, 56 Mo. 160. This record is barren of any evidence tending to prove a dedica-

ESTOPPEL.

tion of the ground according to the principles above stated. It neither appears that it was unequivocally given to the public by the county court nor that it was accepted as the property of the public.

The fact of the omission to build on the four feet of frontage when the edifice was constructed is not of itself evidentiary of a dedication, and if it could be so construed, it could not become effective as such in the absence of proof of the further essential fact of acceptance thereof by the public. Becker v. St. Louis, 37 Mo. 13. As to that the evidence is undisputed that the strip in controversy was used by the present and former tenants for the purposes of displaying merchandise kept in the building; that taxes were regularly paid thereon, and that at the time of the various sales of the lot the measurements of each deed called for this portion, and it was actually pointed out to the vendees as an integral part of the land acquired by them under their respective deeds.

We have not overlooked the argument of appellants that the lot and building occupied by defendants was held by the county court for public purposes and therefore not the subject of sale. That the county court, within the limits prescribed by statute, can sell and convey public property held by it, is clear. R. S.

1889, secs. 3422, 2398.   Since the right of appellants to relief in this case is predicated upon a dedication of the said four feet strip, it is immaterial whether or not the county court made a valid conveyance of the lot in the first instance.· If the deed of the county court to the lot in controversy was void, then the title remains in that body and it alone, in the absence of a dedication, can question the present uses thereof by respondents.   If on the other hand the conveyance of the county court of the lot in question was operative, still the right of appellants to enjoin the uses of the strip in controversy by respondent must depend on the fact of a dedication thereof to the public.   That there was no such dedication in this case has been shown. The result is that the decree of the trial court in dismissing appellant's petition was correct and will be affirmed.   All concur.