CITY OF KIRKWOOD ex rel. GEORGE BAPTISTE, Assignee of E. J. WELSCH, v. ALEXANDER H. HANDLAN, Appellant.

Division One, December 2, 1920.

1. **GRADING STREET: Special Assessment: Semi-Annual Statements.** A recital in the ordinance providing for the improvement of a designated street that "it is the judgment of the board of aldermen that the general revenue fund of the city is not in condition to warrant expenditure therefrom for bringing said street to established grade and that same shall be included in special assessment for the improvement" is sufficient to include in the special tax bill, as a part of the cost of the improvement, the cost of bringing the street to established grade; and the board had authority to insert said declaration in the ordinance, although

Kirkwood ex rel. Baptiste v. Handlan.

it had not spread upon its records prior thereto semi-annual statements of the city's receipts and expenditures and its indebtedness, as required by the statute.

2. **TAX BILL:** Improving Private Property. If one-half the strip sixty feet wide belonged to defendant, a special tax bill issued against his abutting property in payment for the improvements constructed thereon by the city is void.

3. ———: ———: Estoppel: Common Law Dedication. Whether or not the attempt of the city to condemn a thirty-foot strip of defendant's lot for street purposes was void for that notice by publication did not amount to due process of law, the defendant may be estopped to assert title to said strip by a common law dedication thereof to city use; and such dedication may be established by evidence showing his intention to dedicate, acts done to carry out the intention, and an acceptance by the city; and the facts shown by the city in this case, whether it be considered an action at law or a suit in equity, being sufficient to show a common law dedication of said thirty-foot strip to the city, the tax bill levied against the remaining part of his lot for the grading, paving and guttering of the street of which said strip was a part, was not issued for the improvement of private property, and hence was not void.

Appeal from St. Louis Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*H. A. Loevy* for appellants.

(1) The street improvement work for which the special tax bill sued on was issued was done on private property, therefore the tax bill is void. (2) The attempted statutory condemnation of appellant's 30 feet of ground is unconstitutional and therefore null and void, because: (a) Appellant was not made a party by name to the condemnation case. Wherefore he is not bound by same. (b) Section 9415 on which the city's condemnation proceedings intended to condemn the western 30 feet of appellant's lot for continuation of Dickson Street are based, is unconstitutional, being class legislation. (c) The method of notice provided for

therein is not due process of law: It discriminates between residents of the city and other residents of the State, by providing for personal notice to the former by service by the city marshal and to the latter by publication as if they were non-residents of the State instead of citizens of the same State. (d) Publication to residents who cannot be found is not publication to non-residents and cannot be substituted. (e) It does not even describe his 30 feet of land nor even the entire lot which might have attracted his attention if he had ever seen the so-called newspaper. (3) There was no common law dedication thereof, because there was no intent by appellant to dedicate, there was merely use by the public of an undefined roadway, straggling within a sixty foot limit like any other country road without bonds, partly across the western end of his tract, and partly on his neighbors. That did not create a common-law dedication. Carpenter v. St. Joseph, 263 Mo. 714. (a) Proof of intention by owner to wave his right is necessary. (b) A common-law dedication requires not only intent by owner but also acceptance by the city. Mere user does not establish a street. (c) If the right of way depends on user, the width of the way is measured by its character, for an easement cannot be broader than the user. (4) The semi-annual statement required by statute showing the city's general revenue and debts 1907-8-9 before special tax assessments can be levied, was not complied with. Hence the bill sued on is void. Sec. 9413, R. S. 1909.

*Frank J. Quinn* and *Geo. O. Durham* for respondent.

(1) Appellant having failed to demur to the evidence or request a directed finding for defendant conceded that plaintiff had made a prima-facie case and cannot complain that the court did not of its own motion direct a finding for defendant. 38 Cyc. 1540; Dickey v. Porter, 203 Mo. 20. (2) Letting tax-bill in without objection and failing to demur to the evidence conceded owner-

ship and assignment and in effect conceded respondent's ownership and right to maintain a suit for the tax-bill. Dickey v. Porter, 203 Mo. 1; Pratt v. Conway, 148 Mo. 299. (3) The evidence was sufficient to establish a common-law dedication and estoppel as against defendant; for: Appellant was claiming certain taxes alleged to have been illegally exacted of him and these taxes were not recoverable. Christy v. City, 20 Mo. 143; Roberts v. Latham, 134 Mo. 466; Pritchard v. Bank, 200 S. W. 666. And the return thereof by the City of Kirkwood was a valuable consideration which could be conditioned as the city saw fit. Under these conditions the city agreed to return the money in consideration of a dedication of Dickson Street. The money was paid and accepted. The terms of such payment and the condition with reference to the dedication was clearly brought home to appellant and he acquiesced therein, ordered his fence removed, had a new fence built on new line, and had property resurveyed and platted on new line. The whole constituted a dedication and estoppel to assert that the street was private property. Naylor v. Harrisonville, 207 Mo. 341.

GOODE, J.—This is an action on a special tax bill for $254.69 and interest, issued by the officials of the City of Kirkwood, Missouri, which is a city of the fourth class, to pay, in part, for improvements made on a portion of Dickson Street. The improvements included the grading of the street, putting in curbing and guttering, and spreading and rolling macadam and gravel. The work was done by E. J. Welsch, to whom the tax bill in controversy was issued, but the action was instituted at the relation of George Baptiste, as the assignee of Welsch. The defendant resided in the City of St. Louis, but owned the lot in Kirkwood affected by the tax bill; a lot lying in Block, D, East Kirkwood, having a frontage of 127.65 feet on the north side of Main Street and a death along the east side of Dickson Street (which is its

west boundary), back to Harris Street on the north, of 566 feet and 6 inches. The improvements were made in 1910, and the bill in suit was issued August 21, 1911.

One of the points raised against the judgment for plaintiff is that the tax bill was not put in evidence, nor the assignment of it by Welsch to Baptiste proved. Two judgments by default had been taken against the defendant and set aside over the protest of the plaintiff, which filed a motion to have vacated the order to set aside the second default judgment. The court overruled this motion on the ground that until a term ended a court could set aside orders or judgments it had entered during the term, and among others, default entries, if it was thought a hearing on the merits should be granted. In connection with a remark of the above purport, the court told the plaintiff's attorney to offer the tax bill, and thereupon the attorney said: "I now offer in evidence the tar bill, marked 'Plaintiff's Exhibit A';" and it was admitted upon proof of the signatures of the mayor and clerk of Kirkwood.

On the back of the bill was the following assignment:

"City of Kirkwood, Aug. 28, 1911. I hereby assign the within bill for value received to George Baptiste and he is authorized to sign my name to the receipt.

"E. J. Welsch."

No proof was made of the genuineness of the signature of Welsch to the assignment, but it was proved by E. W. Handlan, a son of the defendant, and who attended to his father's business when the father was away from St. Louis, that a collector for Baptiste had demanded payment of the bill and, that after looking into some correspondence, he (E. W. Handlan) refused to pay it for the reason that he found a letter written to his father by the city clerk of Kirkwood, under date of March 25, 1907, and a notation on the letter made by his father, which showed there was a dispute between the city and his father about whether his father owned thirty feet of the width of the improved street or had dedicated it to

the city; further, that he (E. W. Handlan) afterward had a conversation with Baptiste himself and refused to pay the bill for the same reason—namely, that his father's lot occupied thirty feet, or one-half the width of the property improved as Dickson Street where it bounded his lot, and hence the improvement was made on private property. These conversations and refusals to pay Baptiste occurred long subsequent to the issuance of the tax bill and conduced, along with the written assignment on the back of it, to prove Baptiste was the owner and holder of it—a fact not really disputed; for the contention urged at the trial against the liability of the defendant related entirely to others matters.

I.   A minor defense is that part of the cost of bringing Dickson Street to the established grade was included in the tax bill, and that the board of aldermen could not impose this cost on the lots abutting on the street unless, in the judgment of said board, the general revenue fund of the city was not in a condition to warrant expenditure from it for bringing the street to grade. [R. S. 1899, sec. 5988; R. S. 1909, sec. 9410.]   The ordinance, No. 877, approved May 16, 1910, providing for the work, declared: "That it is the judgment and opinion of the board that the general revenue fund of the city is not in condition to warrant expenditure therefrom for bringing street to established grade and that same shall be included in special assessment for the improvement." Another section of the statutes required the board of aldermen to spread on their records semi-annually, in January and July, a detailed statement of the receipts and expenditures of the city and its indebtedness for the half year ending the preceding thirty-first of December and the thirtieth of June. [R. S. 1899, sec. 5912; R. S. 1909, sec. 9318.]   No statement of the kind was recorded by the board of aldermen prior to the year 1911, and from this fact the counsel for defendant draws the conclusion that the board could not know whether or not

285 Mo.—7

the condition of the city treasury warranted paying for the grading out of it; hence their declaration to that effect in the ordinance for the work, was a nullity and afforded no basis for assessing the abutting property to pay for the grading. This proposition hardly deserves discussion. Though no statement of the city's receipts and expenditures, or of the state of its finances was made matter of record, it does not follow that the aldermen were ignorant of those matters and, therefore, unable to form an opinon as to whether the city was able to pay for the grading; nor does it appear their declaration against the ability of the city to pay was false in fact. The argument is pressed to the point of insisting that the owners of property along the graded street had the right to be informed by recorded semi-annual statements of the state of the city's finances, and if they were not thus informed, the tax bills issued against their lots for grading were void. This reasoning is strained. Obviously the Legislature contemplated no consequence of the kind, but intended only to provide a means to keep the city officials and the citizens posted regarding how much money was collected for public purposes and how it was expended. The two cited sections of the statutes deal with different matters, and the recording of the city's receipts and expenditures is not a condition precedent to the right of the board of aldermen to find the city's finances are not in a condition to enable the city to pay for street grading.

II. The principal defense was the alleged ownership by the defendant of the east one-half or thirty feet of the strip sixty feet wide which was improved. If defendant owned the east half of the street the improvements were made on private property and the tax bill issued against defendant is void. The position that defendant owned the strip is based upon the supposed invalidity of a proceeding to open, widen and extend Dickson Street from Jefferson Avenue to main Street, and for

*Improvement of Private Property.*

that purpose to condemn private property. This proceeding was commenced by an ordinance approved December 12, 1907, and the defendant was named as a party, the intention being to condemn a strip thirty feet wide off the west side of his lot and extending northward 566 feet and 6 inches, thereby bringing the strip into the street. The defendant contends he was not given notice by personal service on him, or any notice of the proceeding by a publication, which constituted due process of law within the requirements of the State and the National Constitutions; and in this connection it is asserted that the section of the statutes providing for notice by publication in a newspaper to nonresidents of the county where such a proceeding to condemn land is instituted by a city of the fourth class, is unconstitutional. · [R. S. 1909, sec. 9415.] The reasons assigned why the statute is unconstitutional are, that it provides for constructive service to a resident of the State, if he resides outside of the particular county, although he can be served personally with notice; that it is special legislation applicable only in favor of cities of the fourth class; that it denies property owners the equal protection of the laws, and that it operates to take private property for public use without just compensation. Notice of the condemnation proceeding was published in conformity to the statute in a Kirkwood newspaper; but the notice as published is said to have been inadequate because it was not addressed to the defendant as the owner of the property to be condemned, but was addressed generally ''To non-residents of St. Louis County, Missouri, who are owners of property situated in the City of Kirkwood, Missouri, within a tract or a section hereinafter described.''. The limits within which private property would be affected by the proposed opening of the street, were described in the notice, and the ordinance for the opening was referred to for a more particular description of the proposed extension and the property to be condemned.

We have stated rather fully the constitutional objections of the defendant to the proceeding to condemn thirty feet of his lot, because, they are earnestly pressed as controlling the case, but our conclusion is that the court was warranted by the evidence in holding that the defendant had become estopped to claim title to said thirty-foot strip and that the title had passed from him to the city by a common law dedication; so we will not pass on the points urged against the effect of the condemnation case, or the sufficiency of the published notice of it.

For several years prior to 1906 the defendant had contended the City of Kirkwood exacted from him unlawfully taxes on personal property outside said city and in the City of St. Louis, an independent political subdivision of the State, where defendant had his home. The amount in dispute between him and the City of Kirkwood on account of this alleged illegal taxation was about $78. In 1906 the city authorities wished to procure from defendant a dedication of said thirty-foot strip, in order to widen Dickson Street and the city clerk had several interviews with him on the subject, the outcome of them being that defendant agreed to dedicate the ground to the city if the city would refund the taxes it had wrongly collected, as defendant thought. The city paid back the taxes in three separate warrants, and pursuant to authority in writing from defendant, moved his fence eastward thirty feet, thereby including in Dickson Street the strip in controversy, and afterwards a sewer main was laid along the strip. Defendant agreed to convey the land to the city, but never did, offering at different times different excuses for not conveying it. Long afterward an employee of his removed the fence which had been set eastward thirty feet by the city, and built a new fence in place of it and on the same line, along the west side of defendant's lot; a fact defendant must have known. The reason for subsequently condemning the strip was that the man who was to put in the sewer was

afraid to enter on the land, as the record title was in the defendant. That the city used the strip for years as a public street is clear, nor was it shown that defendant challenged its right until payment of this tax bill was demanded. Those are the main facts going to show a dedication according to the evidence for the city; and they show an intention to dedicate, acts done to carry out the intention, and acceptance by the city. [Bauman v. Boeckeler, 119 Mo. 189; Baker v. Squire, 77 Mo. App. 329.] The evidence for the defendant tends to prove the taxes were not refunded in consideration of his dedicating the strip to the city or upon any agreement by him to do so; that he made no agreement of the kind, but consistently refused to convey to the city or otherwise confer on it the right to use the land in controversy for street purposes. The court below found the facts in accordance with the evidence for the city, and held defendant was estopped to claim title to the strip and that a common law dedication of it had been made by him. The relevant evidence supports this decision cogently enough to prevent us from reversing it, even if this case is in equity, as to which we do not decide.

It is contended the city merely paid back to defendant money that had been taken from him plainly without right; that the repayment was no consideration for a dedication of his ground. The facts about the alleged unlawful taxation were not brought out at the trial, further than to show there was a real controversy about the matter, in which the city acted in good faith and not arbitrarily. [Livingston v. Dugan, 20 Mo. 102; Rinehart v. Bills, 82 Mo. 534.]

It follows the improvements were made on a public street and not on defendant's land, and, therefore, the judgment of the circuit court for the full amount of the tax bill is affirmed. All concur, except *Woodson, J.,* absent.