## PAULS VALLEY NAT. BANK v. FOSS.

No. 13526—Opinion Filed May 13, 1924.

**1. Municipal Corporations—Special Assessments—Statutory Powers.**

Since the power of a municipality to levy special assessments depends on express provisions of charter or statute, the extent of such power and the manner of its exercise is to be determined by the construction of the charter or statute. The grant of power is to be strictly construed as against the city.

**2. Same—Sidewalk on Private Property—Abutting Owners.**

Where a public improvement, such as a sidewalk, is improperly placed on private property, a tax bill for the payment of the improvement assessed against abutting property is void.

**3. Same—Estoppel by Acquiescence and Use.**

An owner of abutting property assessed for cost of improving private property, used permissibly, under a mere license revocable at the pleasure of the owner, was not estopped from questioning the validity of such assessment, even though he had knowledge improvement was being made and did not object thereto; the city having no authority to make such improvement.

**4. Same—Street Improvement—Establishment of Street.**

A street must have been actually established as such before it can become subject to improvement by special assessment.

**5. Adverse Possession—Requisites for Title by Prescription.**

Possession, to be adverse and sufficient to establish title by prescription, must be open, visible, continuous, and exclusive, with a claim of ownership such as will notify parties seeking information on the subject that the premises are held against all titles and claimants.

**6. Municipal Corporations — Special Assessments—Injunction—Parties.**

Under section 420, Comp. Stat. 1921, an injunction may be "granted, to enjoin the enforcement of a void judgment, the illegal levy of any tax, charge or assessment, or the collection of any illegal tax, charge or assessment, or any proceeding to enforce

the same, and any number of persons, whose property is affected by a tax or assessment so levied, may unite in the petition filed to obtain such injunction.

## 7. Appeal and Error—Equity Cases—Sufficiency of Evidence.

Where actions of purely equitable cognizance are tried to the court without the intervention of a jury, if the finding of the court is not clearly against the weight of the evidence and comes within the principles of equity, the decision of the lower court should be affirmed.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garvin County; C. C. Smith, Judge.

Action by Emma E. Foss against the Pauls Valley National Bank. Judgment for plaintiff, and defendant appeals. Affirmed.

Bowling & Farmer, for plaintiff in error.

Blanton, Osborn & Curtis, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Garvin county, Okla., by Emma E. Foss, appellee herein, against The Pauls Valley National Bank et al., appellant, for the cancellation of a certain special sidewalk tax warrant, and an injunction perpetually enjoining certain of the defendants, who were officers of the municipality of Pauls Valley from selling plaintiff's property covered by said tax warrant for the payment of an assessment of said special tax against the property of said Emma E. Foss. The facts as disclosed by the record show that Mrs. Foss was the owner of certain lots adjoining the right of way of the Gulf, Colorado & Santa Fe Railway, and that the city authorities of Pauls Valley constructed a sidewalk along in front of the lots owned by Mrs. Foss and on the west side of the right of way of said railway company, and it is further admitted by all parties concerned that no street or alley had ever been dedicated to the public at this point, and that the sidewalk was constructed on land known to be the right of way of the said railway company. The case was tried to the court and resulted in judgment in favor of the plaintiff, Mrs. Foss, canceling said tax warrant, and perpetually enjoining the defendant from the collection of same against the appellee, Mrs. Foss; from which order and judgment of the court the appellant appeals. And the gist of the specifications of error assigned was that the court erred in rendering judgment for the plaintiff, appellee herein.

And while various contentions are made

the only question, as we view it, necessary for this court to determine is whether or not the sidewalk in question was constructed upon a street or public highway or whether or not it was on private property. The appellant cites section 4625, Comp. Stat. 1921, which authorizes city authorities to construct sidewalks, which is a very general statute, and within itself does not specify that sidewalks must be constructed only on the property of the city, and not on private property, but the section quoted and referred to is found under chapter 29, Cities and Towns, and under article 12, City-Street improvements, and section 4583, the first section under that article, provides that:

"The mayor and council of any city are hereby empowered to establish and change the grade of any street, avenue, lane, alley or other public place in such city and to permanently improve the same by paving, macadamizing, curbing, guttering, draining, etc."

—which clearly shows the city authorities have no right or power to construct sidewalks upon private property at the expense of adjoining property owners. Appellees cite the case of Allen v. City of Spokane, (Wash.) 184 Pac. 312. In the first and second paragraphs of the syllabus the court said:

"In view of Const., art. 1, sec. 16, a property owner whose property has been assessed for a purported street improvement in action to set aside the assessment may show the property improved was not a public street.

"Plaintiff, suing to cancel an assessment for a street improvement levied on property subsequently bought by her and her deceased husband, held not estopped, by the acts of her predecessor in interest in petitioning for the improvement, to question the validity of the assessment."

Mr. Justice Fullerton, in the above case, in discussing the reason why private property should not bear the burden of paying for public improvements which are placed on other private property, in the body of the opinion said:

"For the foregoing reasons it is possible that the city may never acquire the property on which the improvement is made, in which case the abutting property will not receive the benefit of the improvement, and clearly as long as this possibility exists there is no just principle upon which the assessment can rest."

And in the case of City of Springfield v. Baxter (Mo.) 165 S. W. 366, the court said:

"Where a public improvement, such as

a sidewalk, is improperly placed on private property, a tax bill for the payment of the improvement is void, unless the landowner has in some way waived his rights or permitted the location of the improvement on his property."

In the body of the opinion by Justice Farrington it is said:

"However, the great weight of authority in this country is the other way, and such cases as we are able to find in Missouri hold that such an assessment is invalid and unenforceable when the tax bill is issued for public improvements placed on private property, where the city owns neither the fee nor the easement. See Page and Jones on Taxation by Assessment, vol. 1, sec. 396, and cases cited; 28 Cyc. 1108; Western Pennsylvania Ry. Co. v. City of Alleghany, 92 Pa. 100; Richter v. Mayor, etc., of City of New York, 24 Misc. Rep. 613, 54 N. Y. Supp. 150; In re Chesebrough, 78 N. Y. 232; Lorenz v. Armstrong, 3 Mo. App. 574; Carroll v. City of St. Louis, 4 Mo. App. 191; Miller v. Anheuser, 2 Mo. App. 168."

In the case of City of Kirkwood ex rel. Baptiste v. Handlan (Mo.) 225 S. W. 692, the third paragraph of the syllabus is:

"If one-half of a strip 60 feet wide improved as a street was private property of abutting owner, a special tax bill issued against the abutting property was void."

In Turner v. Sievers (Ind.) 126 N. E. 504, the seventh and eighth paragraphs of the syllabus are as follows:

"Owner assessed for cost of improving passageway, used permissibly, under a mere license revocable at the pleasure of the owner, was not estopped from questioning the validity of such assessment, even though he had knowledge improvement was being made and did not object thereto: The city having no authority to make such improvement."

And many other authorities are called to the courts attention in support of this rule, which is primary, and in fact not controverted by appellant in this case, but they base their contention on the theory that the property upon which the sidewalk was constructed was in fact a street, and call attention to the fact that the record discloses that it was known and recognized as Santa Fe street, and that it had become a public street, and the property of the city of Pauls Valley by the right of prescription or by easement, and there was evidence tending to support this contention. It in fact had been used as a street for a period of 28 years and possibly longer, but the record discloses conclusively that it was a portion of the right of way of the Santa Fe Railway Company, and had

at all times been recognized as such and is so recognized by the city of Pauls Valley, the appellant herein, at this time. The tax warrant relied on by appellant and which was offered in evidence in describing the property upon which the sidewalk was constructed, described it as being on the west side of the right of way of the Gulf, Colorado & Santa Fe Railway Company's property, connecting Bradley avenue to a point 57.08 feet north of Tennessee avenue to abut Santa Fe street and along side of block 63, 64, and 65; and in coupon No. 1 attached to the tax warrant, we find this language:

"Coupon No. 1.

"1-3 of assessment _____$134.18
"Int. on Total Assessment to Jan.
  1918 at 8 per cent_____ 12.88
    "Total _____ 147.06

"The County Treasurer of Garvin County, Oklahoma, will pay to the bearer one hundred thirty-four dollars and eighteen cents, being one third (1-3) of Special Tax Warrant No. 60 issued to Struble & Mitchell, contractor for building a sidewalk in front of blocks 63, 64 and 65, on right of way G. C. & S. F. Ry. property in the City of Pauls Valley, State of Oklahoma."

And similar language is used in all other coupons offered in evidence. The city engineer of Pauls Valley testifies that the walks were constructed on the right of way of said railway company, and that the railway company had exercised some dominion and control over same at various times, had built a switch upon that portion of the right of way claimed as a street, and had made some other improvements extending out and upon it within the last few years, and that said railway company had never made any statement or performed any act that would constitute an abandonment of that portion of its right of way, and in our judgment the evidence wholly fails and is insufficient to support the contention of title by prescription.

And on this subject, we quote from the case of Westbrook v. Rhoades, 92 Okla. 149, 218 Pac. 873, wherein the court said:

"Possession to be adverse must be open, visible, continuous, and exclusive, with a claim of ownership such as will notify parties seeking information on the subject that the premises are held against all titles and claimants."

And in 1 R. C. L., chapter on Adverse Possession, p. 695, art. 9, in discussing this subject the author says:

"Title by adverse possession therefore must be established by clear and positive

proof, it cannot be made out by inference. All of its constituent elements must be established. Thus it is necessary to prove an actual, open, notorious, exclusive, hostile possession for the full statutory period."

And in this case the evidence wholly fails to come up to that standard. There is in fact no proof of abandonment by the railway company. It is fair to presume that the railway company has paid taxes on the property, in the absence of proof to the contrary, and under the Constitution and law of this state, corporations such as railway companies are not permitted to own lands except for purposes connected with their business as railways, and title by prescription and easement, or title by presumption, which seems to be the most modern term, is based on the presumtion that there has been a grant, and in view of the law that prohibits railway companies from owning land for the purpose of sale and exchange might be construed to bar the presumption that a grant had ever been made, and while the weight of authorities seems to be that title by prescription may be established as against the railway company, there are creditable authorities based upon very satisfactory reasoning to the contrary. However, it is not necessary for us to pass upon that question in this case for the reason, as we view it, the evidence wholly fails to establish title by prescription. The appellant contends that this case should be reversed for the reason that the finding of the city council that the sidewalk was necessary, and further directing the construction of same, was an adjudication of all the matters incident thereto, and cannot be collaterally attacked, and that the statute of limitation as provided by section 4619, Comp. Stat. 1921, should and does apply, and for that reason the case should be reversed, and cite authorities in support of these contentions, of which we have no criticism to offer, but we hold that they have no application for the reason that this is an illegal and void tax, which takes it out of the pale of the rules of law announced and relied upon by appellant. We find no merit in the contentions made by appellant, and therefore recommend that the case be affirmed.

By the Court: It is so ordered.