## ST. LOUIS-S. F. RY. CO. v. CITY OF WETUMKA et al.

No. 19043. Opinion Filed April 2, 1929.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

W. C. Farmer, A. D. Cochran, and Hamilton & Hamilton, for defendants in error.

HALL, C. This was an action by the plaintiff in error against the city of Wetumka and others to cancel a certain special assessment levied for paving purposes by said city of Wetumka, which paving was laid along one of the city's principal streets and across plaintiff's railroad and right of way. The plaintiff, in addition thereto, asked injunctive relief against the collection of the assessment.

The basis of the plaintiff's complaint is that the city, in extending its pavement across the railroad and its right of way, failed to apportion the cost of the paving to all the property benefited by the paving as provided by our statutes. The portion of the property which plaintiff contended and contends that the city omitted, was certain property abutting on a street known as Railroad avenue, which was not assessed, and which, if it had been assessed, would have changed materially the assessment against the property of the plaintiff. The further contention was that plaintiff's property was charged wholly with the cost of certain street intersections which should have been distributed between the property of plaintiff and the property of some other persons.

The plaintiff did not commence its action within the special statutory period for contesting the assessment, and therefore this action is a collateral attack upon the action of the city and its officers in apportioning this assessment and levying the same against the property of the plaintiff.

At the close of plaintiff's testimony the trial court held that plaintiff was barred from any relief by reason of the special or short statutes of limitations, as provided by

section 6, ch. 173, Session Laws 1923, and section 4619, Comp. Stat. 1921.

Defendant in error, of course, contends that the trial court was correct, and that notwithstanding that the assessment which should have been made against other property was assessed against the property of plaintiff (in addition to plaintiff's proportionate share of the assessment), the special statutes of limitations prevent plaintiff ever obtaining any relief. Defendant in error also contends that Railroad avenue, although it had not been officially abandoned as a street, had been in fact abandoned, and therefore the apportionment of the assessment was correct.

The governing statute extending authority to and defining the method of assessing property for paving purposes is section 21, ch. 173, Session Laws of 1923 (section 4583-u, Harlow's Suppl. Comp. Stat. 1921), which in part provides as follows:

"The lots, pieces or parcels of land fronting or abutting upon any improvement shall be chargeable with the cost thereof to the center of the block where the abutting way is on the exterior of the block, and each quarter block shall be charged with its due proportion of the cost of so improving both the front and side streets on which said block abuts, together with the areas formed by street intersections and alley crossings. * * *"

The applicable law relating to the vital parts of the above statute is set forth in 44 C. J. 309, as follows:

"(No. 2473) (2) **On Collateral Attack.** If the municipality in making improvements fails to follow the provisions of its charter or the statute under which it acts, the defect is jurisdictional, and the proceedings are void and subject to collateral attack; and the same rule applies where the improvement order or ordinance provides for a wholly unreasonable mode of exercising the municipal power to make improvements. * * *"

The question involved in this appeal is governed by the principle announced in the following cases by this court: Southern Surety Co. v. Jay, 74 Okla. 213, 178 Pac. 95, and cases therein cited; Pauls Valley National Bank v. Foss, 99 Okla. 178, 226 Pac. 567; St. Louis S. F. Ry. Co. v. City of Ada, 64 Okla. 279, 167 Pac. 621; and Oklahoma City et al. v. Eastland et al., 135 Okla. 155, 274 Pac. 651. In the case of Southern Surety Co. v. Jay, supra, the assessment was held to be void and subject to collateral attack. In the second paragraph of the syllabus of that case, the court said:

"The city council of Muskogee, Okla., made an assessment against all of block 419 to pay for pavement fronting and abutting on the west side of said block. Held, that said city council was without jurisdiction to assess the east half of said block for improvement fronting and abutting on the west half only."

The court, in discussing the matter, said:

"The assessment was invalid for another reason. The entire block in controversy was assessed to pay for this paving. This the city council was without jurisdiction to do. Even if the assessment was otherwise regular and valid, it could not be enforced against the entire block for improvements on the west side thereof only, but only to the center of the block. M., K. & T. Ry. Co. v. City of Tulsa, 45 Okla. 382, 145 Pac. 398; Flanagan v. City of Tulsa, 55 Okla. 638, 155 Pac. 542.

"There is no merit in the contention that the relief sought here is barred by the statute of limitation. This has repeatedly been decided adversely to this contention. Limitation is applicable only when the municipality acquires jurisdiction to make the assessment and the validity of the assessment is attacked for mere irregularity and not upon jurisdictional grounds. Morrow v. Barber Asphalt Co., 27 Okla. 247, 111 Pac. 198; City of Muskogee v. Nicholson, 69 Okla. 273, 171 Pac. 1102."

In the case of Pauls Valley National Bank v. Foss, supra, the court aptly said:

"Since the power of a municipality to levy special assessments depends on express provisions of charter or statute, the extent of such power and the manner of its exercise is to be determined by the construction of the charter or statute. The grant of power is to be strictly construed as against the city."

The contention of plaintiff in error is fully sustained by a decision of this court in the recent case of Oklahoma City et al. v. Eastland, 135 Okla. 155, 274 Pac. 651, which was an action to enjoin an attempted reassessment of property for a proportion of a public improvement, which attempted proportion was not properly assessable against the particular property involved in the action, but was properly assessable to other property which the city authorities were not attempting to impress with an assessment. Discussing the question involved in that case, and at issue here, the court said:

"If the city should carelessly and negligently permit an individual who owned property abutting street improvements to obtain an injunction against the collection of taxes against his land, when as a matter of law there was no justification for such a decree, it would not even be contended that those special assessments affected by the decree

could be heaped upon other property which had borne its just share of the expenses of improvements. The act which authorizes the levying of special assessments requires that such expenses shall be apportioned among the lots and tracts of land benefited according to the benefits received. The plan attempted by the city does not meet this requirement, and cannot here be given sanction."

These cases from our own court are supported by the weight of the authorities from other jurisdictions. It is generally held that the apportionment of the cost of a special assessment to all the property affected by the improvement, as defined by the statute or charter, is a jurisdictional act, and a matter of vital substance, and not one of form only or an irregularity. The courts universally hold that the giving of notice is jurisdictional, when such is provided by the charter or the statute.—Menzie v. City of Greensburg et al., 42 Ind. App. 657. And it has been held that:

"Competitive bidding in the letting of contracts for the construction of a street improvement is mandatory and jurisdictional, and where it is omitted, the proceedings are invalid and void." Hoosier Construction Co. v. Seibert, 63 Ind. App. 594, 114 N. E. 981."

Counsel for defendant in error contends that not to adhere to the special statute of limitations would be destructive, and would be subversive of the practical application of the provisions of the statute, in that any slight mistake in the computation of the amount of the assessment or the omission of the smallest amount of property from the block affected by the paving, would render the special assessment void and at all times subject to collateral attack. The contention is not tenable. All irregularities and all matters strictly of form and not of vital substance, are cured by the limitation statute; but a substantial and material departure from the statutes, such as gross errors or arbitrary action (as well as fraud) causing the omission of the property which should have been assessed, thereby materially increasing the assessment against the property of other persons, is not within the special statute of limitations. The principle was well illustrated by the Supreme Court of Oregon in the case of Masters v. City of Portland, 33 Pac. 540. That case contains an excellent treatise on this particular subject-matter. The point is particularly and fully illustrated by the Supreme Court of North Carolina in the case of the Town of Tarboro v. Forbes, 185 N. C. 59, 116 S. E. 81, in which it was held that an assessment was void and was subject to collateral

attack because the improvement passed a city park, which property was omitted from the assessment for the improvement; and because the city authorities did not sign the petition for the improvement, such signing being necessary to constitute a majority of the lineal frontage to be paved. In this case the court made the following observations:

"His Honor, finding that the petition had not been signed by the town as owner of the common, held that such signing was necessary in order to have said petition signed by the owners representing a majority of the lineal feet of frontage abutting on the avenue, and that as no part of the cost had been assessed against the town as the owner of the common and one-half the cost had been assessed against the owners on the north side of the street, the assessment was illegal and void."

Also, in quoting from the Supreme Court of Michigan, in the case of Newberry v. Detroit, 164 Mich. 410, the court said:

"The requirement of the law under which this assessment was made is that it must be according to the frontage upon Edison avenue. Detroit Charter, 1904, pp. 182-184. Voigt Park occupies about one-fourth of this entire frontage. It was not assessed. The entire cost was assessed against the remaining three-fourths, and not according to the frontage of each abutting lot. The law governing these assessments cannot be allowed if any frontage is omitted. This park frontage abutting upon the avenue should have been assessed for this paving. It was not exempt from such assessment."

The fifth paragraph of the syllabus of that case is as follows:

"Where it appears to the court as a fact that a city has not signed the petition for street pavement and improvements submitted to its governing body through the municipal clerk, and that it was necessary for it to do so for the petitioners to own the required frontage on the abutting street to comply with the statute, a further provision in the statute that the action of the municipal body, upon the investigation and report of the clerk, shall be final and conclusive, will not conclude the court from vacating the order of the city to improve the street according to the prayer of the petition; for otherwise it would subordinate the law, and the unlawful appropriation of property, to the action of the governing body of a municipality."

Perhaps the best distinction which has been drawn between void proceedings and irregular proceedings was by the Supreme Court of Maine, in the case of Cobosee National Bank v. Rich, 81 Me. 164. The opinion

was written by Justice Peters, in which he said:

"The difference between void proceedings and merely irregular proceedings is the difference between a wrongful act and a rightful act imperfectly or defectively done. The one is a wrongful act and the other a wrongful way of doing an act. In doubtful cases courts incline to treat defects as irregularities rather than as nullities." (Syl.)

The body of the opinion contains the following terse statements:

"The one applies to matters which are contrary to law, the other to matters which are contrary to the practice authorized by the law. One relates more to the act, and the other more to the manner of it."

The rule deduced from this language has been often applied in cases involving the act of municipalities, in making or authorizing public improvements, when their actions have not conformed to some substantive and mandatory provisions of the statute or the charter under which they were operating. The language was quoted and the rule applied in the case of Menzie v. City of Greenburg et al., which was an action to enjoin a city from paying for a sewer improvement. The rule was also applied by the Supreme Court of Maine in the case of Wilson v. Simmons, 89 Me. 242, 254, 36 Atl. 380. This case also related to certain acts and proceedings under a city charter.

These cases cited from other states are cited for the purpose only of showing the soundness of the decisions of our own court governing this subject-matter, which we have heretofore cited and have relied on for a determination of the legal issues in this case. We are not called upon to say what ultimate relief, if any, the plaintiff may be entitled to in this action. Our decision in this case goes no further than holding that the court was in error in sustaining the demurrer to the testimony of the plaintiff.

Plaintiff made a prima facie showing that certain property, to- wit, property abutting on Railroad avenue, was entirely omitted from the assessment, and that that part of the assessment which should have been apportioned to the property abutting on Railroad avenue was assessed to the property of plaintiff, and to two city lots owned by other persons. This omission was a material departure from the substantive provisions of the statute under which the city was authorized and limited in impressing the property with a special assessment; and therefore this defect was not within the special limitations provided in the act and in the general statutes.

The judgment in this cause is hereby reversed, and the cause remanded to the trial court to overrule the demurrer to the plaintiff's testimony, and proceed not inconsistent with the views herein expressed.

HERR, JEFFREY, DIFFENDAFFER, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.