PAINE et al. v. CITY OF GUYMON et al.

No. 33019. Oct. 28, 1947.

*185 P. 2d 941.*

M. E. Becker, of Guymon, for plaintiffs in error.

Haman M. Foster, County Atty., Vincent Dale, City Atty., and Rizley, Tryon

& Sweet, all of Guymon, and Twyford, Smith & Crowe, of Oklahoma City, for defendants in error.

RILEY, J. Plaintiffs in error commenced this action to enjoin the enforcement of paving assessments levied against ten lots in the city of Guymon, owned by them.

The city created a paving district more than one block long on Academy street and in width from the north line of the Chicago, Rock Island & Pacific Railroad right of way to the south line of Tenth street. On October 6, 1946, the city of Guymon enacted an ordinance attempting to assess the cost of the improvements against the abutting property. Plaintiffs' lots were assessed in the total sum of $2,400.14.

The invalidity of the ordinance is alleged because:

"(c) That said ordinance does not include all the property benefited by said improvements, which is liable for assessment therefor, resulting in an erroneous and excessive assessment against plaintiffs' property;"

—and upon other grounds.

The city of Guymon, J. Ted Wilkerson, contractor, the county board of equalization, and the county treasurer are defendants. The action was commenced January 7, 1947, more than 15 days after the passage and publication of the assessing ordinance. The assessing ordinance was not adopted and published until after the contract had been completed.

· The city of Guymon and J. Ted Wilkerson filed separate general demurrers to the petition; defendant county treasurer and the county excise board joined in a separate demurrer to the petition. A ground of each is:

"(2) That the petition shows upon its face that the alleged cause of action is barred by the statute of limitations, being Sec. 108, Title 11, O.S. 1941, in that the action was commenced more than 15 days after the publication of the ordinance levying the assessments in said district, including plaintiffs' lots."

The demurrers were separately sustained; plaintiffs elected to stand on the petition, and appeal.

Plaintiffs, in their brief, apparently abandon all the claims of invalidity of the ordinance except allegations of subparagraph (c):

"Said Ordinance No. 117 does not include all of the property benefited by the said street improvement, which is liable for assessment therefor, resulting in an erroneous and excessive assessment against the property of these plaintiffs."

An omission to make assessment for public improvements against· all property directly benefited is a jurisdictional defect and persons aggrieved by such an omission are not barred from relief by the short statute of limitations. It was so held in St. Louis & San Francisco Ry. Co. v. City of Wetumka, 136 Okla. 64, 276 P. 226. Therein it was held:

"The provisions of section 21, chap. 173, S. L. 1923, requiring the assessment of property directly benefited by a public improvement in the particular improvement district, is a vital and substantial provision of the statutes; and the omission to make such assessment on all the property affected is a jurisdictional defect, and the aggrieved person is not barred from relief by the short statutes of limitations provided in section 6 of said act, and section 4619, Comp. Stat. 1921." Wrightsman v. Stevenson, 168 Okla. 63, 33 P. 2d 499; American-First Nat. Bank v. Peterson, 169 Okla. 588, 38 P. 2d 957.

Defendants cite decisions upholding the 15-day statute of limitations, but the jurisdictional question was not involved,

The second proposition is that the petition is sufficient in that it states facts in a plain and concise manner, which entitle plaintiffs to relief.

In Warren v. Dodrill, 173 Okla. 634, 49 P. 2d 137, it is held that under the

provisions of the Code, it is not necessary that a pleading state facts to bring the cause under any particular form of action at common law, but the petition is sufficient if it states facts in plain and concise manner, which entitle plaintiff to some legal or equitable relief. A petition need not be invulnerable as against a motion to make more definite and certain. It is a wrong for which a remedy is afforded that constitutes the cause of action.

The petition here involved states in plain language that the ordinance in question, No. 117, the assessing ordinance, does not include all the property liable for assessment, benefited by the street improvements; that the result is an erroneous and excessive assessment against the property of these plaintiffs. If this be true, and for the purpose of a general demurrer it must be taken as true, there was the wrong. St. Louis & San Francisco Ry. Co. v. City of Wetumka, supra.

This petition does not state what property was omitted or where it is located, nor does it state how much property was so omitted or how much the omission thereof resulted in the increase of the assessment against plaintiffs' lots. But the right to redress was as stated in St. Louis & San Francisco Ry. Co. v. City of Wetumka, supra. It certainly included the right to cancellation of the assessment against plaintiffs' property to the extent the evidence might show it excessive. The petition was sufficient, in the absence of a motion to make more definite and certain, to permit plaintiffs to prove what, if any, property benefited by the street improvements and liable for assessment therefor was omitted.

Defendants contend that plaintiffs are estopped to assert the invalidity of the assessments because they sat by and saw the improvements made, without objections. City of Muskogee v. Rambo, 40 Okla. 672, 138 P. 567; Perry v. Davis, 18 Okla. 427, 90 P. 865. But, in this case, the pleadings show that the assessing ordinance was not adopted until after the contract was completed. Plaintiffs had no way of knowing, while the work was in progress, what property, if any, liable to assessment therefor would be included in or omitted from the assessing ordinance. That could be ascertained only after the passage and publication of the ordinance. The authorities cited on that question are not controlling.

The trial court erred in sustaining the demurrers to plaintiffs' petition. However, had the county board of equalization filed a demurrer separate from that of the county treasurer, there would have been no error in that respect for the reason that the county board of equalization does not have any duty to perform in connection with special improvement assessments or their collection.

Reversed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.