**STEPHENS et al. v. LUNDY.**

No. 25441.   April 30, 1935.

H. W. Sitton, for plaintiffs in error.

S. H. Singleton, for defendant in error.

PER CURIAM. The defendant in error, hereinafter referred to as lessee, instituted this action in the district court of Stephens county, seeking injunctive relief against the plaintiffs in error, hereinafter referred to as lessors, enjoining any interference with removal of casing from and in well drilled by lessee upon the lands of lessors. The trial court granted the relief asked for, and from such judgment the lessors have appealed to this court.

The material facts as disclosed by the record are, in substance, as follows: That lessors, under date of November 8, 1928, executed an oil and gas lease for term of ten years to lessee. This lease was on the usual producer's 88 form lease. A test well was drilled on the land described in the lease to an approximate depth of 1,000 feet. This well was completed during the month of January, 1929. It had a good showing for a paying gas well, but water developed in the hole from some source, and it was never a producing oil well. No gas was ever sold from this well. Considerable work was done by the lessee in trying to make the well a paying gas well, but without avail. The casing which the lessee later attempted to remove from the well was placed in the hole about the time of its completion. The annual rental provided for in the lease was paid on that part of the land on which the well was drilled, which extended the lease to the 8th day of November, 1930. On the 6th day of November, 1931, the lessors caused to be recorded in the office of the county clerk of Stephens county, an affidavit, in effect, that the oil and gas lease executed as aforesaid had terminated for failure to pay rentals.

On or about the 11th day of May, 1933, the lessee sent his agents to the location of said well for the purpose of pulling the casing and plugging the well. On the 12th day of May, 1933, the lessors caused a written notice to be served on the lessee, which notice was in effect that the lessee had no further rights in said property or well, and that if he went upon said premises he would be prosecuted as a trespasser. Thereupon, and on the 15th day of May, 1933, the defendant in error, the lessee in said oil and gas lease, commenced his action in the district court for injunctive relief against these plaintiffs in error, the lessors in such lease, and upon trial of said action, on the issues framed by the pleadings, a permanent injunction was granted.

The plaintiffs in error present two questions for consideration of this court. The first question is: "Did plaintiff exercise his right within a reasonable time to remove the casing from the well?" The trial court answered this question in the affirmative, and after a review of all the facts and

circumstances disclosed by the record we do not feel warranted in reversing the trial court. There are no circumstances presented by the evidence wherein it can be said that the lessee "abandoned" the casing in the well. Nor does the evidence disclose that the lessors at any time indicated a desire to have the well plugged. All the interested parties resided in the county where the well was drilled and were well known to each other, and it would have been an easy matter to ascertain their intentions with reference to the well and casing therein. The attitude of the lessors with reference to the well was that, by proper attention, it could be made to produce gas in paying quantities. It further developed that lessors were negotiating with other parties to take charge of the well and complete the same as a paying well. In the examination of one of the lessors, he was asked this question: "Would you be willing to pay a reasonable market value for it (casing) and leave it in the hole?" His answer was: "Under the circumstances, I don't think I would." The lessors could claim no title to the casing except on the theory of abandonment by lessee, and there is nothing in the record to warrant the same. The notice filed of record by the lessors to the effect that the lease had terminated had no bearing upon the ownership of the personal property located thereon. The apparent reason why the casing was not pulled and well plugged before May, 1933, was the possibility of other parties taking it over with a view of making a producing well out of it. The lessors indicated same in their answer.

The oil and gas lease under which the well in question was drilled and property placed upon the leasehold contained the following provision:

"Lessee shall have the right at any time to remove all machinery and fixtures placed on said premises, including right to draw and remove casing."

In the case of Sanders v. Davis, 79 Okla. 253, 192 P. 694, this court held, in construing a similar provision of an oil and gas lease, that the right to remove property from the leasehold must be exercised within a "reasonable time." What is a reasonable time is to be determined from all the facts and circumstances of each particular case. Under certain facts a delay of three months might be considered an unreasonable delay on the part of the lessee of an oil and gas lease to remove his property from the leasehold after expiration or termination of the oil and gas lease, while, under certain other facts, a delay of three years might not be considered unreasonable. Time alone is not the determinable factor.

The second question submitted is of minor importance in view of our affirmative answer to the first question. This question has to do with the matter of damages to the real estate in event the casing is removed from the well. There can be no surface damage to the real estate by removal of the casing. This fact is disclosed by the evidence. When the casing is pulled, the well will have to be plugged in accordance with the rules and regulations of the Corporation Commission. This naturally destroys the hole for future use. The only interest the lessors have in the hole is to see that it is properly plugged. If the well had been a paying producing well, a different question would be presented as to the right of the lessee to plug the same.

This being an equity case, we have reviewed all the evidence, and are convinced that the judgment of the trial court ought not to be disturbed, and, accordingly, the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys E. F. Maley, C. B. McCrory, and G. R. Horner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Maley and approved by Mr. McCrory and Mr. Horner, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.