## Wilson v. Wilson et al.

Nov. 14, 1939.

462

E. H. Smith and Geo. J. Ellis, Jr., for appellant.

J. R. White for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This litigation involves questions as to whether the appellant Anna K. Wilson had abandoned an oil and gas lease on the property of the appellees, Chris and Clara Wilson, and thereby forfeited the equipment thereon to the lessors.

The lease was executed by the appellees in July, 1930, and passed through various assignments before coming into the hands of the appellant. It covered a period of five years and contained the usual stipulations to such leases. The lessee began drilling within the time provided. A gas well was completed during the latter part of December, 1930. On September 28, 1931, the appellant entered into a contract with the Kentucky Natural Gas Company for the sale of the gas. This was the only outlet for gas in the area where the lease was located. The pipe line company began laying a line to

the well early in 1932, but before it connected with the well the appellee Chris Wilson commenced a suit to restrain the pipe line company from connecting the well and marketing gas therefrom. That suit remained on the docket until September, 1933, at which time it was dismissed without prejudice. The suit before us was filed by the appellant in July, 1937, in which she sought among other things to be adjudged the absolute owner of the oil and gas lease on the appellee's premises.

The record furnishes no explanation as to why the lessee waited approximately nine months before entering into a contract with the pipe line company for the sale of the gas. An employee of that company testified that there was no market for the gas during the latter part of 1931. Proof was offered for the appellees, however, to the effect that gas was being taken from wells on property adjoining theirs during 1931. The well in question was approximately 2,000 feet from one of the pipe line company's lines.

While there is a conflict in the evidence as to why Chris Wilson dismissed his suit in 1933, we are of the opinion that the preponderance of the evidence is in support of his contention that it was dismissed because appellant's agents agreed to pay the rentals in arrears, and also to drill another well on the property. There is testimony to the effect that counsel for both parties were attempting to reach an agreement in that suit before it was dismissed. Two of the appellant's sons, who had worked on her leases, testified that they did not remember being called to the appellees' premises and discussing the compromise arrangements concerning which he testified. One son testified that, subsequent to the dismissal of the suit in 1933, he sent a workman to the appellees' premises to remove the equipment therefrom, but he was not permitted by the appellees to do so. The testimony for the appellees on this point is that no one representing appellant came upon the premises at the time mentioned, or until 1936.

In urging reversal the appellant insists that the lease was never abandoned. She cites Section 2515 of the statutes in support of her contention that she had five years within which to recover possession of personal property wrongfully withheld. The case of Bain v. Graber, 271 Ky. 393, 112 S. W. (2d) 66, is cited in support of the contention that, even though the lease had

been abandoned, she had a reasonable time after the expiration or abandonment to remove the equipment.

It is the implied obligation of an oil and gas lessee to develop property in good faith and with reasonable diligence. In commenting upon the measure of the reasonableness of diligence and the conduct of an oil lessee's operations, it was said in the case of Warfield Natural Gas Company v. Allen, 248 Ky. 646, 59 S. W. (2d) 534, 536, 91 A. L. R. 890:

> "The reasonableness of the diligence and course of conduct with respect to the extent of the prosecution of the operations is to be measured by what would be done under the same or similar circumstances by operators of ordinary prudence and diligence having regard for the common rights and mutual advantages of both parties to the contract and not of the lessee or operator alone." Cases cited. See also Park v. Young, 261 Ky. 367, 87 S. W. (2d) 963.

We have noted the conflict in the evidence as to the course pursued by and the diligence of the appellant in the operation of the lease. Viewing the circumstances set out above, we have reached the conclusion that we should follow the finding of the chancellor on the question of abandonment. We have frequently pointed out that, where evidence is conflicting and there is doubt as to whether the chancellor erred in his conclusion, it is our rule not to disturb his finding on a question of fact. Lashley v. Lashley, 276 Ky. 689, 125 S. W. (2d) 247, and cases cited therein.

As to the removal from a lease of oil and gas fixtures and machinery, it was said in the Bain case, supra [271 Ky. 393, 112 S. W. (2d) 69]:

> "It is the general rule that the lessee of lands for oil and gas purposes must remove the fixtures and machinery therefrom during the term of the lease, or at least within a reasonable time thereafter, and if this is not done the fixtures and machinery, especially casing left in the soil, become the property of the lessor. Patton v. Woodrow, 198 Ky. 85, 248 S. W. 226, and cases therein cited. What constitutes reasonable time is a question of fact that must be determined from the facts and surrounding circumstances of each case."

In view of the circumstances and conditions hereto-

fore reviewed, we are disposed to follow the chancellor in his finding that the appellant had forfeited her right to remove the fixtures and that they therefore became the property of the appellees.

Therefore, for the reasons given herein, the judgment is affirmed.