E. E. LUTTRELL and Edith H. Luttrell, husband and wife, Plaintiffs in Error,

v.

PARKER DRILLING COMPANY, a Corporation, Defendant in Error.

No. 38364.

Supreme Court of Oklahoma.

March 3, 1959.

Rehearing Denied May 26, 1959.

Application for Leave to File Second Petition for Rehearing Denied July 21, 1959.

Hardin Ballard, Purcell, for plaintiffs in error.

Montgomery & Montgomery, Purcell, for defendant in error.

WELCH, Justice.

This is an appeal from the District Court of McClain County, Oklahoma, taken from the order of that court granting a permanent injunction.

The action was originally filed by the plaintiff, Parker Drilling Company, a corporation, seeking an order of the court enjoining the defendants, E. E. Luttrell and Edith H. Luttrell, husband and wife, from interfering with or obstructing plaintiff in the removal of its property and equipment from certain real property located in McClain County, Oklahoma.

It is agreed by both parties herein that plaintiff entered the land in question under a valid oil and gas lease, having a contract with the lessee for the purpose of drilling an oil and gas well, and that defendants were the owners of the surface of this land.

Plaintiff completed its work under its contract and secured a release of the obligations thereunder on February 7, 1957. Immediately thereafter, and on February 12, 1957, plaintiff began the removal of its machinery and equipment and continued with such removal until the 13th day of March, 1957, when the defendant, E. E. Luttrell, advised the agents of plaintiff to stay off the premises and not to remove any more equipment, whereupon this suit was filed.

It is the contention of the defendants' that after the plaintiff completed the well and dismantled the equipment it was not removed from their land, but instead placed or stored upon the defendants' pasture land outside the drill-site area, and on land not theretofore used by plaintiff in their drilling operations. For this reason the defendants claim a lien on equipment for the reasonable value of the service they had involuntarily rendered plaintiff in storing said equipment, which was from February 1, 1957, until April 13, 1957, and by reason of their storage lien; they were entitled to possession of the personal property of plaintiff, and plaintiff was not entitled to injunction for the reason that it had a plain and adequate remedy at law by replevin.

Defendants' lien claim is based upon Title 42 O.S.1951 § 91, as amended 1955, which provides:

"Every person who, while lawfully in possession of an article of personal property, renders any service to the owner thereof by furnishing material, labor or skill for the protection, improvement, safekeeping, towing, storage or carriage thereof, has a special lien thereon, dependent on possession, for the compensation, if any, which is due to him from the owner for such service. * * *"

Defendants contend that they became in possession of equipment as soon as it was placed on their land outside the drill-site area, and cite 73 C.J.S. Property § 14, p. 197, note 84; Jones v. Bodkin, 172 Okl. 38, 44 P.2d 38. We have checked these authorities and cannot agree that they are applicable to the situation here presented. We cannot agree that a lien existed, since defendants did not contribute or furnish protection, improvement, safekeeping, towing, storage or carriage thereof, to the equipment. Defendants do not claim that they ever accepted the equipment for the purpose of rendering any of the above service, but that it was on their premises as a trespass.

It was held by the court in Jones v. Bodkin, supra, that parties' lien could not attach where these elements failed to exist.

The defendants did not come into legal possession of this property by agreement between the parties. They claim legal possession by reason of trespass on the part of plaintiff. There is no question here between the parties as to title. The defendants' claim of possession is based on the right of a lien and plaintiff's possession is based upon title. If defendants have no legal lien for storage under Title 42, § 91,

O.S.1955 Supp., their right of possession must fail.

Defendants fail to cite any authority in their brief to support their contention, and we have been unable to find any through our independent search.

In 3 Summers, Oil and Gas, 2d Ed. 1958, Sec. 526, page 453, it is stated:

"It is a well settled rule that casing in wells, derricks, engines and other machinery and appliances placed upon the land by the lessee for testing, developing and operating the land for oil and gas purposes are trade fixtures. They may, therefore, be removed at any time during the existence of the lease, or within a reasonable time after its termination."

■ We have had before this court upon numerous occasions the question concerning the use of more surface than necessary for developing the land for oil and gas by the lessee. In the more recent case of Wilcox Oil Company v. Lawson, Okl., 301 P.2d 686, 687, we held:

"The holder of a valid oil and gas lease has the right and privilege to go on the land and do all those things necessary and incidental to the drilling of wells, including the right to the use of the surface, and in the absence of a provision that lessee would be liable for growing crops, the only basis for the recovery of damages is proof of wanton or negligent destruction, or that damages were to portion of land not reasonably necessary for oil and gas development."

■ This is a rule of law which has been followed by this court in many other cases of this nature, and we are of the opinion that the circumstances presented in the case at bar would bring this case under the above rule. In order to develop an oil and gas lease the moving of drilling equipment onto the land and maintaining same is nec-essary until it may be erected and placed in operation, and it is also necessary in many instances to dismantle and leave the equipment upon the premises temporarily after completion or abandonment of well, until trucks can be obtained to move the same, and for various other justified reasons. There is no question in the mind of the court but that these are all things which are necessary and incidental to the drilling of wells. Therefore we have held that lessee has a right to remove, at any time, the property and improvements placed or erected in or upon the leased premises, provided he acts within a reasonable time. Sanders v. Davis, 79 Okl. 253, 192 P. 694; Stephens v. Lundy, 172 Okl. 79, 44 P.2d 843.

■ Now if the plaintiff herein used a portion of the surface owned by the defendants which was not reasonably necessary, the defendants' remedy was adequate under the rule cited in Wilcox v. Lawson, supra. We held in that case that the only basis for the recovery of damages is proof of wanton or negligent destruction, or that damages were to portion of land not reasonably necessary for oil and gas development. Therefore we do not view the situation here as really presenting the question whether defendants were entitled to possession of the drilling equipment, but as presenting the question whether the portion of the land being used for temporary maintenance or storage by plaintiff was in excess of land reasonably necessary for the overall development project.

In the case of Sanders v. Davis, supra, this court passed upon the question presented here. In that case it was strenuously contended that lessee was not entitled to injunctive relief; that the remedy was an action in replevin which was a plain and adequate remedy at law. We held that lessee was entitled to injunction.

Therefore judgment of trial court is affirmed.