**GARR–WOOLLEY, a partnership, Appellant,**

v.

**James W. MARTIN and Judy K. Martin, Appellees.**

**No. 50020.**

Court of Appeals of Oklahoma, Division No. 1.

Feb. 14, 1978.

Rehearing Denied March 7, 1978.

Certiorari Denied April 12, 1978.

Released for Publication by Order of Court of Appeals April 17, 1978.

Bloodworth, Smith & Biscone by Robert
B. Smith, Oklahoma City, for appellant.

Fitzgerald, Houston & Worthington by
Donald L. Worthington, Stillwater, for appellees.

BOX, Presiding Judge.

An appeal from a replevin cause of action in which appellant, the partnership of Garr-Woolley, sought to recover equipment and machinery used in the production of oil and gas located upon the land of James and Judy Martin, appellees. The parties will be referred to as appellant and appellees.

Appellant, as lessee, entered into an oil and gas lease with appellees' predecessor in title on February 7, 1958. The lease term was for three years and as long thereafter as oil or gas was produced. Under the terms of the lease, appellant was given the right to remove all machinery and fixtures placed upon the leasehold *at any time*, including the right to draw and remove casing. Appellant did obtain production of oil during the primary term of the lease; however, all production had ceased prior to January 1, 1970. On December 31, 1969, appellees acquired title to the land.

The property which is the subject of this action consists of a pumping unit, casing, tubing and other oil well machinery and equipment which was placed upon the land by appellant during the time the lease was productive of oil and gas. The machinery and equipment has remained upon the site since production ceased sometime during the latter part of 1969.

Since 1969 until early 1976, there has been no direct communication between appellant and appellees in regard to the equipment located on appellees' land. The only contact in the interim was made in 1974 by a man who approached both parties about buying the machinery for scrap. After the man talked to appellees, appellees placed a chain across the cattle guard to bar access to the well. In early 1976, appellant requested permission to remove the machinery but appellees denied appellant access to the well site.

Appellant filed a replevin cause of action in March, 1976 to recover the oil and gas equipment. Appellees answered and cross-petitioned claiming ownership by virtue of abandonment and failure to remove the equipment within a reasonable time after termination of the lease, which occurred

when production ceased in the latter part of 1969. Appellees amended their answer to include the defense that the pertinent statute of limitations, 12 O.S.1971, § 95 Third, barred appellant's recovery of the property.

After trial of this controversy, the trial court made the following findings:

In this case there was no contact between the parties about further development and to all intents and purposes the machinery and casing were merely stored by the plaintiff [appellant] on the defendants' [appellees'] property for a period of 6 years without defendants' consent. The access road was blocked for a period of 1 year prior to the plaintiff's demand for the property. Under these facts it must be held that the plaintiff did not exercise his contractual right to remove the machinery and casing within a reasonable time and that the right has now lapsed. (Citation omitted.)

For these reasons judgment will be entered for the defendants . . . .

■ Although appellant was given the right under the terms of the lease to remove equipment and machinery used in the production of oil or gas at any time, appellant did not have an unlimited time to remove the equipment. Clauses which state that machinery and fixtures placed upon the leasehold may be removed *at any time* have been consistently construed as meaning *within a reasonable time*. As stated by the Supreme Court in *Stevens v. Iverson*, 179 Okl. 401, 66 P.2d 12:

Syllabus by the Court.

1. Where an oil and gas lease authorizes the lessee to remove his fixtures "at any time," such right is not unlimited as to time, but the lessee is entitled to remove same within a reasonable time after expiration of the lease; and what is a reasonable time is to be determined from all the facts and circumstances of each particular case.

See also *Luttrell v. Parker Drilling Co.*, 341 P.2d 244; *Stephens v. Lundy*, 172 Okl. 79, 44 P.2d 843.

■ The question then becomes what happens to the equipment if the lessee fails to remove within a reasonable time. This court has been unable to find any Oklahoma cases, and none were cited by the parties, on this particular point of law. However, the well-settled rule appears to be that if the machinery is not removed within a reasonable time after the termination of the lease, the equipment becomes the property of the landowner. See 4 E. Kuntz, A Treatise on the Law of Oil and Gas § 50.3 at p. 282 (1972); 3 W. Summers, The Law of Oil and Gas § 526 (1958). See also *Pratt v. Gerstner*, 188 Kan. 148, 360 P.2d 1101 (1961); *Davis v. Howard*, 276 S.W.2d 460 (Ky.1955); *Wilson v. Wilson*, 280 Ky. 461, 133 S.W.2d 722 (1939); *Bain v. Graber*, 271 Ky. 393, 112 S.W.2d 66 (1937).

There is, however, a split of authority on what legal theory to rely upon as the basis to transfer title from the lessee to the landowner when the lessee fails to remove equipment within a reasonable time. Some cases state that by failure to remove the equipment within a reasonable time, the lessee abandons such property. The abandoned property does not become the property of the person who is first to seize it. Rather, it becomes the property of the owner of the land which was covered by the lease and on which the equipment was located. *Michaels v. Pontius*, 83 Ind.App. 66, 137 N.E. 579 (Ind.1922); *Spies v. DeMayo*, 396 Ill. 255, 72 N.E.2d 316 (1947); R. Hemingway, The Law of Oil and Gas § 7.10 (1971).

However, casing in wells, derricks, engines and other machinery placed upon the land by the lessee for developing and operating the land for oil and gas purposes are considered trade fixtures. *Luttrell v. Parker Drilling Co.*, supra; 3 W. Summers, supra, § 526. The second line of authority relies upon this characterization to transfer title to the landowner. Failure to remove the trade fixtures within a reasonable time results in a forfeiture, making the fixtures part of the realty vesting the owner of the fee with title thereto. *Smith v. United States*, 113 F.2d 191 (10th Cir. 1940); *Hill v. Larcon Co.*, 131 F.Supp. 469 (W.D.Ark. 1955); *Shellar v. Shivers*, 171 Pa. 569, 33 A. 95 (Pa.1895); *Vermillion v. Fidel*, 256

S.W.2d 969 (Tex.1952). The basis behind this rule was expressed in *Terry v. Crossway*, 264 S.W. 718, 720 (Tex.1924), as follows:

> The clause in appellant's contract giving him the right to remove his casing, pipes, and rods "at any time" should be construed as giving him only a reasonable time to remove them after the expiration of his lease. It certainly was not within the contemplation of the parties to the lease that appellant could incumber the land with his fixtures, machinery, piping, and tubes, and, after the expiration of his lease and abandonment of all of his rights thereunder, hold possession of the land by willfully failing and refusing to remove his property. The right to an indefinite possession of the land for the purpose of claiming his fixtures now asserted by appellant would not be to his advantage, because his property would necessarily deteriorate, but would result in great hardship to the owner of the fee. Under appellant's construction of the contract, he could withhold from the owners of the fee the possession of the land to the extent covered by his improvements for an indefinite time, though all his rights under the lease were forfeited. If we are correct in this construction of the lease, the failure of appellant to remove his fixtures within a reasonable time resulted in a forfeiture, making them a part of the realty and vesting the owner of the fee with title thereto. (Citation omitted.)

This court concurs with the second line of authority. The trial court correctly held that appellees did not have to prove abandonment and appellant's contentions that (1) the trial court erred in its determination that the question of abandonment does not arise with respect to the ownership of oil and gas equipment remaining upon a lessor's land subsequent to the termination of production upon that land; and (2) the appellees failed to make a prima facie showing of abandonment upon the part of the appellant of its oil and gas equipment, are without merit.

■ In conclusion, oil and gas equipment left on the landowner's property for an unreasonable length of time after the termination of the lease will become the landowner's property. The trial court held the six years in which appellant left the equipment on appellees' land to be an unreasonable time. What constitutes an unreasonable time is to be determined from all the facts and circumstances of a particular case, *Stephens v. Lundy*, supra, and the trial court's determination thereon will not be reversed absent an abuse of discretion. *Stevens v. Iverson*, supra; *Wilson v. Wilson*, supra. The finding that six years was an unreasonable time was not an abuse of discretion.

■ Appellees' contention that appellant's cause of action is barred by the statute of limitations is without merit. Prior to the time of the assertion and denial of the right of the lessee to remove equipment, there is no cause of action upon which the statute could run. 4 E. Kuntz, supra, § 50.3(f) at p. 284.

For the reasons set forth herein, the judgment of the trial court is accordingly affirmed.

AFFIRMED.

ROMANG, J., concurs.

REYNOLDS, J., not participating.