Edmund F. GUTIERREZ, Mildred J. Gutierrez and Larry G. Gabel, Plaintiffs-Appellants,

v.

Edward Mike DAVIS, Individually and d/b/a Tiger Oil Company, and Tiger Oil Company, Defendants-Appellees.

No. 78–1501.

United States Court of Appeals, Tenth Circuit.

Submitted March 14, 1980.

Decided April 4, 1980.

Charles W. Stubbs, Oklahoma City, Okl., for plaintiffs-appellants.

R. Dean Rinehart of Rinehart, Rinehart & Rinehart, El Reno, Okl., for defendants-appellees.

Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This is a diversity suit by Edmund F. Gutierrez and Mildred J. Gutierrez, fee owners and lessors, and Larry G. Gabel, tenant, against Edward Mike Davis d/b/a Tiger Oil Company, oil and gas lessee. The suit is for conversion of casing left in an abandoned well on the Gutierrezes' land from a prior oil well drilled by another lessee.[1] The district court awarded summary judgment in favor of Davis, ruling that use of the casing was within his rights under the lease, and that plaintiffs were estopped from seeking additional payment for this use because they had failed to include such a provision in the lease. Plaintiffs argue on appeal these rulings were erroneous and summary judgment was inappropriate. The case was submitted on the briefs by agreement of the parties.

The facts are simple. The Gutierrezes and Davis entered into a standard form oil and gas lease in April 1974, for which the Gutierrezes received a bonus of $7,750. The lease contained no restrictions on exploration and drilling, except that a well could not be drilled within 200 feet of the house or barn.

A few months later Davis notified plaintiffs that he intended to re-enter an oil well drilled by a prior lessee who, after the well proved to be dry, had plugged the hole with concrete and left the well casing in the ground. Plaintiffs informed Davis by return letter that the lease did not give him

---

1. The complaint also stated a claim for crop damage, but this issue is not before us on appeal.

permission to enter the abandoned well, and that they would consider re-entry an act of conversion. Davis proceeded to drill through the concrete plug and casing; when this new drilling also failed to find oil, he replugged the hole and abandoned the site.

Plaintiffs sue for conversion of the casing, claiming damages in the amount of its fair market value. They make no allegation that Davis removed any part of the casing or harmed it in any way.

 Oil well casings are trade fixtures. *See Luttrell v. Parker Drilling Co.*, 341 P.2d 244, 246 (Okla.1959). As an exception to the general rule that personal property attached to the land becomes part of the real estate, trade fixtures can be removed by the lessee within a reasonable time after termination of the lease. *Id. See also* 3 W. Summers, Oil & Gas Law § 526 (1958). Under Oklahoma law, when the casing is not removed by the lessee within a reasonable time, it becomes property of the landowner. *Garr-Woolley v. Martin*, 579 P.2d 206 (Okla.Ct.App.1978). Casings, as objects "imbedded" in land, are by statutory definition real property. *See* Okla.Stat.Ann. tit. 60, §§ 5, 7 (West 1971). Therefore the abandoned casing here was real property belonging to the Gutierrezes.

Oklahoma courts have consistently held that the tort of conversion will only lie for wrongful deprivation of personal property. *Davidson v. First State Bank & Trust Co., Yale*, 559 P.2d 1228, 1231 (Okla.1976); *Benton v. Ortenberger*, 371 P.2d 715, 716 (Okla.1962). This rule has been specifically applied to deny an action for conversion of fixtures not severed from the real estate. *Etchen v. Ferguson*, 59 Okl. 253, 159 P. 306, 308 (1916). Plaintiffs cannot maintain the present action under Oklahoma law.

Even if we read the pleadings expansively to state a claim for breach of contract, we must affirm the denial of any relief. The lease gives Davis the right to use the land for the "purpose of exploring . . . mining and operating for oil" and other minerals. We agree with the trial court that, without express language to the contrary, a fair reading of the contract gives Davis the right to drill through any part of the real estate including the plug and casing of the abandoned well when, as here, it was a reasonable use within the stated purpose.

Affirmed.