Carl B. WILSON, Alma Wilson McKinney, Everett Wilson and Earl Wilson, Appellants,

v.

James W. OWENS, Appellee.

No. 51856.

Supreme Court of Oklahoma.

Nov. 12, 1980.

---

Fransein & Levinson by Lee I. Levinson, Tulsa, for appellants.

Loeffler & Allen by Sam T. Allen, III, Sapulpa, for appellee.

HARGRAVE, Justice.

A Writ of Certiorari has been requested by James W. Owens, the appellee, and that writ was granted the 8th day of September, 1980, to review a decision of the Court of Appeals, Division II reversing the District Court of Creek County, the Honorable Kenneth Hughes, Presiding.

James Owens held an oil and gas lease on Lot 9, Section 17, Township 18 North, Range 7 East in Creek County, Oklahoma, granted in 1910 and held thereafter by production until the early part of 1971. The appellants are the surface owners of the tract, and concededly the mineral owners after production in paying quantity ceased. The four plaintiffs, the Wilsons, are Missouri residents, and inherited the above mentioned 17–acre tract upon their father's death in 1969. This action was originally commenced to remove a cloud on the title of the tract consisting of the appellee's expired oil and gas lease. The defendant conceded the lease had expired within a reasonable time after production in paying quantities had ceased and crosspetitioned for recovery of personal property remaining on the lease, principally a Lufkin pump jack. The trial judge heard testimony and entered judgment for Owens, holding he had not abandoned that property. The Wilsons appealed, their cause was assigned to the Court of Appeals, Division II for opinion, and resulted in a reversal of the trial court. Certiorari has been granted and the determination is here made that the decision of the trial court must stand, necessitating vacation of the opinion of the Court of Appeals, Division II.

The facts brought out at trial briefly disclose that appellee's father placed the pump jack on the lease in 1948 and production therefrom ceased between 1969 and 1971. From 1969 appellee's father was more or less incapacitated from a series of strokes, ending in his demise in 1971. The appellee ran his father's affairs during this time with limited authority. In 1973 a partial distribution of the decedent's estate placed ownership of the lease in question in the defendant, James Owens.

During the periods considered here the Missouri residents left the surface of the tract fallow. The pump was located in the Cimarron River bed surrounded largely by sand. The Wilsons' evidence mainly established the length of time the unit remained on the land prior to the 1976 filing of this action. Three to six years, and the fact that the defendant had not sought permission to store the equipment on the premises, nor made use of it during the time.

The defendant sought to prove that under the particular circumstances of this case the lengthy time during which the personalty was not removed was not unreasonable. These circumstances include testimony of the lingering illness of defendant's father, during which defendant contends his authority to act for his father was limited, the father's intestacy, and the subsequent distribution of the lease and pump unit to him from the estate late in 1973. Early in 1974 the defendant ordered a mineral take–off to determine from whom to take a new lease and testified of his care in capping the well in question so that when plans for water disposal had been made production could be reestablished in the area. Testimony showed that easily convertible pieces of the pump jack were removed from the unit and that defendant's employees were instructed to check on the unit periodically. Further, the testimony adduced showed defendant's foreman had been instructed to remove the pump jack for safekeeping in 1974; that the removal required the rental of a bulldozer because of the sandy location. The foreman testified also that he had been instructed to remove the pump but had not carried out that instruction because of time limitations. During this time the defendant's employees had been slowly cleaning

up the lease premises but felt no need to rush in view of the fact the whole premises lay fallow.

The opinion reported in the case of *Stevens v. Iverson, 179 Okl. 401, 66 P.2d 12 (1937)*, discusses a lease containing the same provision relative to removal of lease equipment as the lease under consideration here. Both leases provided the lessee had the right to removal all machinery and fixtures at any time. *Stevens* and the citations contained therein demonstrate that from an early time that phrase has been established to allow a reasonable time after expiration of the lease for the removal of the equipment, considering all the facts and circumstances surrounding the particular case. *Stevens v. Iverson, supra,* at p. 13 states that in making a determination as to how long the reasonable time for removal shall extend, abandonment by the lessee is a proper subject of inquiry.[1] This statement is subject to misinterpretation. Abandonment is a matter of intent. The intent of the lessee cannot precisely be said to bear upon the question of the determination of a reasonable time for removal under the circumstances of the case in all cases. A lessee's intent not to abandon his property will not change an unreasonable delay to a reasonable one. If the time the property remains upon the land after expiration of the lease is considered unreasonable viewing all the aspects of the particular case that determination ends the inquiry, and an intent not to abandon, or the absence of an intent to abandon, will not extend the lessee's contractual right to enter the land and remove the personalty. Contrarily, however, if the lessee is found to have actually abandoned his property prior to the passage of a reasonable time for removal, the lessee's right to the property has terminated. Such a conclusion is consistent with the case of *Garr–Woolley v. Martin, 579 P.2d 206*

*(Okl.App.1978)*, wherein the Court of Appeals held that proof of abandonment was not an indispensable element in defense of a cause of action brought to recover production equipment left upon a lease after its expiration.

As noted in the third Court Syllabus of *Stevens v. Iverson, supra,* the issue of abandonment and the question of lapse of the contractual period allowed for removal of the property from the lease are material inquiries, to be considered if raised by the parties.[2]

Whether or not a pump jack located on the land is properly considered a trade fixture is also presented by the appellee. The evidence showed the pump jack was bolted to concrete blocks. The pump jack is deemed affixed to the land under 60 O.S. 1971 § 7: "A thing is deemed to be affixed to land when it is attached to it . . . or permanently attached to what is thus permanent, as by cement, plaster, nails, bolts or screws."

The determination of this appeal is made upon the trial court's judgment that the title to the property in question remained in the lessee. The plaintiff's case is primarily grounded upon the passage of time alone. The defendant sought to demonstrate no intent to abandon existed as well as the reasonable nature of the admittedly long delay in removal. These factors include plans to reestablish production, illness, subsequent death and estate problems of defendant's father, instructions given agents to check the property periodically and remove easily stolen components of the machinery, in addition to instructing the foreman to remove the property when time permitted.

It can be seen from the evidentiary summary contained here that the resolution of

---

1. The language of the opinion being: "In determining the length of time such clause remains in force, the question of whether the lessee has abandoned the casing is a proper subject of inquiry."

2. The third Court Syllabus of *Stevens v. Iverson, supra,* states:

"Record examined and held that the evidence here amply supports the conclusion that the lessee did not *abandon* the casing in the wells after the termination of the leases, *and* that the lessee did not forfeit his *contractual right* to remove the same by the delay or *lapse of time* shown." (E.A.)

this action calls for an exercise of the judgment of the trier of fact. The landowner has the passage of a number of years as evidentiary support for his claim that an unreasonable passage of time has occurred, a weighty consideration in itself. The former lessee has demonstrated a number of factors which point to his conclusion that under the circumstances of this case the passage of time was not unreasonable, however. Thus the conclusion that must be drawn is that the trial court did not commit reversible error inasmuch as the finding of the court is not clearly against the weight of the evidence. *McKenna v. Lasswell, 207 Okl. 408, 250 P.2d 208 (1952); City of Moore v. Central Okl. Master Conservancy District, 441 P.2d 452 (Okl.1968).* Accordingly the decision of the Court of Appeals, Division II is VACATED and the trial court's judgment is AFFIRMED.

All Justices concur.

