SANTA FE MINERALS, A DIVISION
OF SANTA FE INTERNATIONAL
CORPORATION, Appellee,

v.

Earl SANFORD, Jr. and Elfriede
Sanford, Appellants.

No. 77731.

Court of Appeals of Oklahoma,
Division No. 3.

June 30, 1992.

Certiorari Denied Dec. 15, 1992.

Marjorie Ramana, and Alan DeVore,
Oklahoma City, for appellants.

Mark Henricksen, El Reno, for appellee.

## OPINION

HUNTER, Judge:

This is an appeal by the Sanfords, the lessors of an oil and gas lease, from the trial court's order granting Appellee, Santa Fe's, motion for summary judgment. Santa Fe sued under the Oklahoma Surface Damages Act, 52 O.S.1991 §§ 318.2–318.9. The Sanfords counterclaimed on the ground that they were the owners of a Well bore and casing on their land.

In March 1990, Santa Fe filed a petition for the appointment of appraisers under § 318.5 of the Act because it wanted to rework the Well located on the Sanfords' property. The Sanfords had bought the tract on which the Well sits in 1984. A predecessor of the Sanfords had leased the property to an oil company for oil and gas purposes in 1937. A producing Well was drilled in 1948, and reworked in 1963. In 1964 the lease was included in the Apache Bromide Sand Unit. Production from the Unit has continued and the right to take the oil and gas underlying the Sanfords' property continues to be held by production from the Unit. The Unit operators, however, had not produced from the Well for many years. Santa Fe is now producing from the reworked Well.

Considerable confusion surrounded the status of the Well in the 1980s. The Sanfords asked representatives of Texaco, the former operator of the Well, whether the Sanfords could have permission to convert it to a water well. Texaco did not own the Well, but the first Texaco representative the Sanfords spoke with was unaware of this fact. Later, Texaco explained to the Sanfords that it did not own the Well. Still later, the Sanfords asked a representative of Atlantic Richfield if the Sanfords could convert the Well to a water well. After some confusion, Atlantic Richfield told the Sanfords that it had sold the rights to the Well to Hondo Oil & Gas Co. Finally, Santa Fe notified the Sanfords that it owned the Well and wanted to rework it. This suit followed.

The parties have settled the Sanfords' surface damage claim except for the question of who owned the Well bore and pipe

located on the Sanfords' land. The Sanfords claim that they owned them and Santa Fe was thus obliged to pay for them. Santa Fe claims it owns the Well bore and its accoutrements, and that it is not obliged to compensate the Sanfords for them.

## ISSUE

The sole issue here is who owned the Well bore and pipe, the Sanfords or Santa Fe?

## DISCUSSION

The Sanfords present several theories in support of their argument that the working interest owners had lost their rights to the Well. Because of the view we take of the law applicable here, we hold that the Sanfords' theories are inapplicable to the undisputed facts.

The mineral lease covering the Sanfords' land has been held by delay rentals and production continuously since 1937. The Unit operators retained the right to use and deal with all of the equipment within the Unit, including the Well. Presumably, the royalty interest owners received periodic payments from Unit production while the Well was not producing. Under these facts no claim that the lessee had lost its rights to the Well will lie. The original 1937 lease, signed by the Sanfords predecessors, granted the lessee the premises for "the purpose of mining and operating for oil and gas ... all that tract of land ... described as follows: [description]." The parties agreed that the lease was for ten years and "as long thereafter as oil or gas or either of them is produced from said land ..." Under the plan of unitization that created the Unit, the "... provisions of [the] lease[s] ... in and to Separately Owned Tracts ... are hereby amended and modified to the extent necessary to make the same conform to this Plan of Unitization."

The Sanfords claim that whether the Unit operators intended to relinquish their rights to the Well was a question of fact. We disagree. Here, the lease covering the Sanfords' land was, and is in full force. The Sanfords have cited *no* cases, and we know of none, holding that a lessee had

lost its rights to a well bore and its associated mechanisms *while a lease was in force*. In every case we have found in which a land owner was held to have title to a well bore, the lease had terminated. See, for example *Garr–Woolley v. Martin*, 579 P.2d 206 (Okl.App.1978); *McDaniel v. Moyer*, 662 P.2d 309 (Okl.1983); and *Loriaux v. Corporation Commission*, 514 P.2d 941 (Okl.1973). That the lease covering the Well is still in force ends the inquiry. This fact is undisputed. The trial court properly granted Santa Fe's motion for summary judgment.

AFFIRMED.

JONES, J., concurs.

HANSEN, V.C.J., dissents.