**Sam NALLY et al., d/b/a Nally & Boone, Appellants,**

v.

**J. C. EDWARDS et al., Appellees.**

Court of Appeals of Kentucky.

May 13, 1955.

Smith & Blackburn, Somerset, Fulton & Hubbard, Bardstown, for appellants.

Fritz Krueger, Robert D. Jones, Somerset, for appellees.

CULLEN, Commissioner.

In issue is the ownership of 958 tons of crushed rock which were left upon the premises of a stone quarry, by lessees, at the expiration of their lease. The trial court held that the rock is the property of the owner of the quarry. The case is here on motion for an appeal by the lessees, the amount involved being only $555.

The case was heard by the lower court on a stipulation of facts, which is: On October 22, 1951, the owner of the quarry, J. C. Edwards, leased it to the Waters Construction Company for a period of one year. The lease called for a royalty of seven cents per ton of rock crushed, to be paid monthly on or before the tenth day of each month. The lease was assigned by the Waters Construction Company, with the consent of Edwards, to the appellees, Nally and Boone, who were in the road construction business. Nally and Boone moved their equipment upon the premises and engaged in the quarrying and crushing of rock until January 15, 1952, at which time they removed their equipment and ceased the quarrying operations. At that time they left upon the premises the 958 tons of crushed rock here in question. The rock remained upon the premises beyond the expiration of the lease on October 21, 1952, until some time in June 1953, when Nally and Boone entered into a contract to sell the rock to the fiscal court of Pulaski County. Nally and Boone were prepared to pay Edwards the royalty, but Edwards asserted ownership of the rock, on the ground that Nally and Boone had abandoned it and forfeited any interest in it.

We think it is clear that upon being quarried and crushed the rock became the property of the lessees, and they were entitled to a reasonable time in which to remove the rock from the premises. There was no provision in the lease limiting the

right of removal to the period of the lease, as was the case in Taylor-Brown Timber Co. v. Wolf Creek Coal Co., 107 S.W. 733, 32 Ky.Law Rep. 1015. There, where the lease granted the right to cut *and remove* timber for a certain term, it was held that timber could not be removed by the lessee after the expiration of the term, although cut before the expiration. However, it was held that timber which had been manufactured into lumber by the lessee, and stacked on the premises, could be removed by the lessee within a reasonable time after the expiration of the lease.

The controlling question here is whether the lessees' sale and removal of the rock, some eight months after the expiration of the lease, was within a reasonable time. What constitutes a reasonable time is a question of fact that must be determined from the circumstances of the particular case. Bain v. Graber, 271 Ky. 393, 112 S.W.2d 66; Wilson v. Wilson, 280 Ky. 461, 133 S.W.2d 722. A good statement of the rule is found in Updegraff v. Lesem, 15 Colo.App. 297, 62 P. 342, 346, where the court said:

> " * * * Now, a reasonable time is not a fixed period. What would be a reasonable time in one case would not be a reasonable time in another; so that in every case the question what is a reasonable time must be determined from facts and circumstances peculiar to that case. The nature of the act to be done, the situation of the parties, a duty or want of duty upon one to act promptly, and the effect of delay upon the rights of the other, must all be considered. * * * "

In Locke v. Palmore, 308 Ky. 637, 215 S.W.2d 544, it was held that the removal of property from an oil lease some six months after termination of the lease was within a reasonable time.

There is nothing in the stipulation of facts in this case to suggest that the delay in removal of the rock caused any inconvenience to the owner of the quarry, or interfered in any way with his use or occupation of the quarry. Nor was the period of delay in removal so long as to indicate an intent by the lessees to abandon the rock. Until the lessees found a market or use for the rock, it obviously would have been a burden upon them to move the rock to another location.

Under all the circumstances, it is our opinion that the lessees acted within a reasonable time in selling and removing the rock, and are entitled to the proceeds of the sale, less the royalty due Mr. Edwards.

The motion for an appeal is sustained and the judgment is reversed, with directions to enter judgment in conformity with this opinion.