## In re MUSICK CONSTRUCTION, INC., Debtor.

### David A. PALMER, Trustee, Plaintiff,

### v.

### Robert D. COREY and Lavelle Corey, jointly or severally, Defendants.

### Civ. A. Nos. 83–K–1264, 83 Mc 2293.

United States District Court,
D. Colorado.

Oct. 4, 1983.

David A. Palmer, Trustee, Grand Junction, Colo., Andrew J. Slee, Overholser, Slee, Reed & Pixler, K.K. Summers, Grand Junction, Colo., for plaintiff.

John A. Brooks, Brooks, Miller & Brooks, Montrose, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an appeal from the United States Bankruptcy Court, District of Colorado. The appellants are the defendants Robert and Lavelle Corey, owners of gravel pits situated in Montrose County Colorado. The defendants executed a gravel lease on or about March 8, 1980 with Musick Construction Inc., allowing Musick to extract gravel from their pits for a term of five years. In 1981 Musick failed to make the required payments, was subsequently locked out of the premises by the defendants, and in August of that year filed for bankruptcy. The plaintiff-trustee in bankruptcy filed a complaint to recover the extracted gravel remaining on the leased premises which the defendants had sold to Montrose Construction Co. The bankruptcy court awarded the value of the gravel sold to the trustee. I must determine if the bankruptcy court erred in its judgment.

## I. PROPRIETY OF RAISING CONTRACT ISSUE ON APPEAL

The plaintiff-trustee insists that the defendants are precluded from asserting

that the agreement was in fact a contract and not a lease, since that issue was not presented to the bankruptcy court. The defendants, however, argue that the issue can be raised since there was "no motion for a new trial or other method for raising the issue" in the trial court. I agree with the plaintiff. Defendants have ignored the basic rule of appellate procedure: "In the absence of a miscarriage of justice, issues not raised or presented in the lower court will not be considered for the first time on appeal." *United States v. Immordino,* 534 F.2d 1378, 1381 (10th Cir.1976); *Associated Press v. Cook,* 513 F.2d 1300, 1302 (10th Cir.1975); *Excavators and Erectors, Inc. v. Bullard Engineers, Inc.,* 489 F.2d 318, 320 (5th Cir.1973). A search of the record in this case reveals that the defendants failed to raise the issue when the case was before the bankruptcy court.

## II. SURRENDER OF THE LEASE

■ Defendants claim that even if the agreement is considered a lease, the debtor surrendered the lease and the defendants accepted such surrender. Essentially, the defendants claim that the debtor surrendered its rights to the remaining gravel due to its failure to demand payment for the gravel soon after the lockout. The right to extract gravel was terminated by the lockout. The debtor, however, did not thereby relinquish its rights to the gravel already extracted.

*Nally v. Edwards,* 279 S.W.2d 251 (Ky. 1955), supports the debtor's position. *Nally* is one of the few cases dealing with the topic of the rights of a lessee to minerals extracted during the lease but remaining on the premises after termination. In *Nally,* the plaintiffs removed 958 tons of crushed rock from a stone quarry and then left the rock on the lessor's premises for approximately eight months after the termination of the lease. When the plaintiffs sought to sell the rock left on the premises, the lessor asserted ownership on the ground that the plaintiffs had abandoned it. The court held for the plaintiffs stating:

We think it is clear that upon being quarried and crushed the rock became the property of the lessees, and they were entitled to a reasonable time in which to remove the rock from the premises.

*Id.*

■ According to *Nally,* the debtor in this case acquired ownership of the gravel once it was extracted. The crucial issue is whether Musick sought to claim the extracted gravel within a reasonable time after the lockout. The facts show that Musick was locked out of the premises in June and filed for bankruptcy in August. The gravel was left on the premises for two months, within which the plaintiff filed a complaint to recover. Such action was certainly taken within a reasonable time. The gravel became the property of the lessee-debtor once extracted. Neither the lockout nor the fact that the gravel was left upon the defendant's premises for two months extinguished the debtor's ownership rights in the gravel. *See also Lynch v. Alworth Stephens Co.,* 267 U.S. 364, 45 S.Ct. 274, 69 L.Ed.2d 660 (1925) (minerals become personal property of the lessee upon extraction).

## III. THE EFFECT OF CUSTOM AND USAGE

■ Defendants claim ownership of the remaining gravel because in the Montrose area, title to gravel passes from the owner to the operator when the gravel is weighed, paid for and hauled away. In order for defendants' argument to have some merit, it must demonstrate that the debtor had actual knowledge of this custom when the lease was executed. A party is not bound by custom and usage without actual knowledge of it or unless it is so general or well known in the community as to give rise to a presumption of such knowledge. *Edward E. Morgan Co. v. United States,* 230 F.2d 896 (5th Cir.1956); *Major v. Bishop,* 462 F.2d 1277, 1280 (10th Cir. 1972) (must have "ample" evidence to support knowledge of custom and usage). Defendants have failed to show knowledge on the part of the debtor of the custom in Montrose County of acquiring gravel only

when it is paid for and hauled away. Without such a showing, custom and usage cannot be used to supply provisions with respect to which the written instrument is silent.

## IV.  SECURITY INTEREST IN UNREMOVED GRAVEL

■ The defendants argue that they have a perfected security interest in the unremoved gravel which is superior to the plaintiff-trustee's claim. I disagree. Defendants are correct in stating that no security agreement is necessary nor filing required to perfect the security interest if the debtor does not have possession or has not lawfully obtained possession of the goods. Colo.Rev.Stat. § 4–9–113 (1973). This section is irrelevant, however, since I have already concluded that the debtor acquired possession of the gravel once it was extracted. Therefore, I am persuaded to follow § 4–9–203, which states that a security interest is not enforceable against the debtor or third parties unless: "[t]he collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement...." Colo. Rev.Stat. § 4–9–203 (Cum.Supp.1982). Since the defendants did not maintain possession of the gravel pursuant to an agreement, or sign a security agreement, the gravel remained the property of the debtor. The defendants have no claim which is superior to the trustees's.

IT IS ORDERED that the decision of the bankruptcy court is affirmed.