**In the Matter of Kevin E. HAGGERTY.**

Bankruptcy No. J94–1788 J.C.
Civ. A. No. J85–0703(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 15, 1986.

---

Michael E. Earwood, Jackson, Miss., for plaintiff.

William R. Barnett, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on Appeal by Kevin E. Haggerty from Order of the United States Bankruptcy Court for the Southern District of Mississippi, Jackson Division, dismissing Haggerty's Chapter 13 Petition pursuant to the provisions of 11 U.S.C. § 109(f)(1).[1]

---

**1.** 11 U.S.C.§ 109(f), as part of the July, 1984, amendments to the Bankruptcy Code of 1978, became effective on October 8, 1984. 11 U.S.C. § 109(f)(1) states as follows:

(f) notwithstanding any other provision of this section, no individual may be a debtor under this title who has been a debtor pend-

**385**

## FACTS

The record herein reveals that debtor, Kevin E. Haggerty, filed three petitions under Chapter 13 of the Bankruptcy Code in 1984. The first Petition was filed on May 3, 1984, and dismissed and closed on May 21, 1984, for failure of the debtor to file the required schedules. The second Petition was filed on June 7, 1984, and dismissed upon motion of the trustee on November 11, 1984, after Haggerty failed to abide by the Order of the court to make his payments under the plan. The third Petition, which is the subject of this appeal, was filed on December 27, 1984, and dismissed on February 25, 1985. This dismissal was based upon the provisions of 11 U.S.C. § 109(f)(1) which bar an individual who has been a debtor in a case pending under Title 11 at any time in the preceding 180 days from again becoming a debtor if the prior petition was dismissed for willful failure of the debtor to abide by orders of the court. The bankruptcy court held that the November 11, 1984, dismissal of debtor's second petition barred him from eligibility under the Code until the expiration of 180 days after that dismissal. The December 27, 1984, petition was therefore dismissed without prejudice to debtor's right to refile after expiration of 180 days from and after November 20, 1984.

## LAW

On appeal, debtor has alleged that 11 U.S.C. § 109(f)(1) was inapplicable to his third petition since the previous proceeding necessary for its applicability was filed prior to the October 8, 1984, effective date of that provision. Debtor therefore contends that dismissal of his third petition under this provision violates the due process clause of the Fourteenth Amendment by giving retrospective effect to the amended statute. The bankruptcy court rejected

ing under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the Court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

this argument on the basis of the fact that both the dismissal of the second petition and the filing of the third petition occurred after the effective date of 11 U.S.C. § 109(f)(1) and that application of the provision was not therefore based upon proceedings which occurred before the effective date.

 The same conclusion has been reached by at least one other court faced with this issue. *See In re Nelkovski*, 46 B.R. 542 (N.D.Ill.1985). This Court agrees with that conclusion and holds that application of 11 U.S.C.§ 109(f)(1) predicated on prior dismissal of a petition filed before the effective date of the amendment but dismissed *after* the effective date does not constitute retrospective application. The debtor herein had ample notice of the provisions of § 109(f)(1) when his second petition was dismissed in November 1984, and it was that dismissal and not the June, 1984 filing which gave rise to the dismissal complained of herein.

The only other issue raised by debtor on this appeal is whether the bankruptcy court erred in dismissing his petition without an evidentiary hearing concerning the "willfulness" requirement of Section 109(f)(1). As noted by appellees, this issue was not raised before the bankruptcy court even though there was ample opportunity to raise it in the hearing on appellee's Motion to Dismiss. This Court therefore holds that debtor is now precluded from raising this issue on appeal. *See In re Musik Construction, Inc.*, 34 B.R. 105, 107 (D.Col.1983). Even if debtor had not waived the right to raise this issue, the facts before the bankruptcy court amply support the conclusion that debtor "willfully" violated the order of the court to make payments to his trustee. The second petition was filed in June 1984, and was dismissed approximately 5 months later. When the second petition was dismissed, debtor had never made a payment to the trustee and back payments totalled over $4,000.00. No evidence was ever presented to show that this failure was beyond the control of debtor, nor has any such evidence been presented on this appeal. In the absence of any mitigating proof, the record amply supports the conclusion that the second dismissal was due to debtor's willful violation of the court's order.

It is, therefore, ordered that the decision of the bankruptcy court is affirmed.